## Solon Swift *v.* Town of Newbury.

*Liability of Towns for Insufficiency of Highways. Negligence. Travelling in the Night. Referee's Report.*

The plaintiff complained for an injury received while travelling in the high-way; the referee found as a fact that the highway was insufficient, and that there was no want of diligence or care on the part of the plaintiff at the time the injury was received. *Held,* that this finding is conclusive in establishing the right of the plaintiff to recover.

The question whether a party in attempting to cross a bridge in a totally dark night without any light, was wanting in proper care and diligence, is one of fact and not of law.

The proposition that (under certain circumstances) where there is no dispute or controversy about facts, the want of proper care in the traveller may be inferred as a conclusion of law, not controverted.

Trespass on the Case to recover for an injury, which the plaintiff alleged he had sustained by reason of the insufficiency of a highway, which it was the duty of the defendants to maintain.

The case was referred to Wm. Hebard, who reported in substance, that the plaintiff resided in North Haverhill, N. H., and on the 7th day of November, 1860, had occasion to go to Wells River, a village in the town of Newbury, Vt., for a physician to attend upon his son; that he drove down near the bridge that spans the Connecticut river at the village of Wells River, and left his horse and walked across the bridge; that after seeing the physician when he started to return, it was pitchy dark; that there was a wall, from the end of the bridge extending along the side of the road and supporting the road; that the top of the wall was about on a level with the road, and that it was several feet down to the water and rocks below; that there was a stick of timber laying on the top of the wall, about fifteen inches high; that there was no other railing on the wall—that the plaintiff in the darkness stepped off of this wall and received the injury complained of.

The referee found as a fact that the town was in fault in not having a railing or other muniment where the timber was placed

on the wall—and that the plaintiff exercised due care and dili‑ gence ; and is entitled to recover for his damages sustained.

The further findings of the referee sufficiently appear in the opinion of the court.

.Judgment was rendered for the plaintiff at the June Term, 1862, Orange County Court. Exceptions by the defendant.

The case was first argued at the Orange county, March Term, 1863, supreme court, and re-argued at the General Term, Montpelier, Nov. 1863.

*A. Underwood,* for the defendants.

The question of care and diligence on the part of the plaintiff, is one of law for the court to find upon the facts reported by the ·referee. *Nash* v. *Harrington,* 2 Aik. 9 ; *Barber* v. *Essex,* 27 Vt. 62 ; *Spencer* v. *R. R.,* 5 Barb. 337 ; *Horing* v. *R. R.,* 13 *ib.* 9 ; *Dascomb* v. *R. R.,* 27 *ib.* 221.

As the darkness was one efficient and proximate cause of the injury, the town is not liable though the highway was insufficient. *Moulton* v. *Sanford,* Maine, July No. Law Reporter, 1863 ; 4 Gray 395.

*A. M. Dickey* and *Redfield & Gleason,* for the plaintiff.

It is not for the court to say that, as a matter of law, the highway where the accident occurred, was sufficient. *Willard* v. *Newbury,* ·22 Vt. 458 ; *Cassidy* v. *Stockbridge,* 21 Vt. 391.

Will the court say that the plaintiff was not exercising ordinary care in traveling on foot without a lantern ?

This is not a question of law, but of fact, proper for a jury.

If a question of law it must be decided in favor of the plaintiff. *Barber* v. *Essex,* 27 Vt. 61 ; *Bigelow* v. *Rutland,* 4 Cush. 247 ; also see, *Coggswell* v. *Lexington,* 4 Cush. 307 ; *Palmer* v. *Andover,* 2 Cush, 600.

KELLOGG, J.    It was not questioned on the argument of this case that the referee's report establishes the fact that the town of Newbury was in fault in not having a railing or other muniment on the wall over which the plaintiff fell, at the time of receiving the injury of which he complains, and that the highway was, for

this cause insufficient. The sufficiency or insufficiency of a high-way, is under all circumstances, to be regarded as a question of fact rather than of law, and the finding of the referee is on that point conclusive. It is also established by the report that the plaintiff while attempting to pass in a dark night along the highway leading to the bridge, missed the traveled track of the highway and fell over the wall into the river, and thereby received an injury. It appeared that the night was so dark that no object was visible,—that the plaintiff was but little acquainted with the place, and, although residing only five miles distant from it, had not been there for two or three years previously,—that the cause of the injury was the darkness of the night,—and that if the plaintiff had taken a light, the injury would not have happened. The report distinctly shows that the injury is to be attributed to two proximate and concurring causes,—the one being the insufficiency or defect in the highway, and the other the darkness of the night.

It has been settled in this state that where the injuries sustained were caused in part by a defect in the highway and in part by a pure accident, or such an accident as could not have been prevented by ordinary care and prudence, the town will be liable. *Hunt* v. *Pownal,* 9 Vt. 411.

The referee reports that he finds as matter of fact that the plain-tiff is entited to recover damages for the injuries sustained by him, and that there was no want of dilligence or care on the part of the plaintiff unless the court is of opinion, *as matter of law,* on the facts reported, " that the plaintiff in attempting to cross the bridge in a totally dark night was wanting in proper care and diligence." This presents the principal, if not the only, question which can be made the subject of argument in this case. Highways are constructed for use by night as well as by day, and the purpose of the statute requires that they should be at all times sufficient for public travel. The necessities of a large class of people compel them to travel on public highways at very late hours and in dark nights, and the duty of the town which is responsible for any particular highway is not satisfied by providing for the sufficiency of the highway for travel in the day time only. It is

the right of every individual to travel in the night, and public highways should be so constructed and maintained as to admit of the safe and convenient exercise of this right. *Barber* v. *Essex*, 27 Vt. 62. But no person is entitled to make a claim against a town for an injury resulting from a defective highway unless he was, at the time of the injury, without fault and in the exercise of ordinary care and prudence. It is obvious that a greater degree of care in guarding against accidents should be required from a traveler who passes along a public highway in a dark night than would be expected from him when passing on the same highway at noon-day; and yet no more than ordinary care and prudence is to be required in either case. The term "ordinary care" is relative, and dependant upon the circumstances and peculiarities of each particular case; and that measure of care and prudence which would be considered as sufficient in this respect by day might be wholly insufficient by night. What is ordinary care in any particular case would depend upon circumstances which could not furnish any fixed or definite standard for any other case. And what might fairly be considered as ordinary care and prudence on the part of one individual at a particular time and place might fall far short of it in the case of another individual at the same time and place. One person might be familiar with all the peculiarities of a particular locality, while another might know nothing of those peculiarities; and it is plain that the degree of care which might be sufficient in the one case would be wholly insufficient in the other. Whether the plaintiff was in the exercise of ordinary care or not was a question of fact to be determined by the referee; and the fact that the plaintiff was not familiar with the locality, and was out in a dark night without any light, was an element which the referee should have taken into account, and it should be presumed that he did take it into account, in determining this question. In any particular case, however, this question must be regarded as one of fact and not of law, because the fact that a traveler undertakes to pass on a highway in a dark night without a light, cannot, in and of itself, in every case, be regarded as conclusive proof that he is wanting in

ordinary care. In a particular case it might lead to this con- clusion, but in another case, not differing in the circumstances of time or place, it might lead to a conclusion entirely different. In each particular case, the question whether the traveler was in the exercise of ordinary care, or was in fact careless, is a question of fact, and the facts of one case ought, not to be regarded as a standard for judgment in another. Each case must be judged by itself, and will depend upon its own peculiar circumstances; and, as the conclusions resulting from a given state of facts might be different in one case from what they might be in another, it is obvious that this question can never be regarded as being other than a question of fact, except where the same facts would lead invariably to the same definite and certain conclusions in any other case, without being subject to modification by any peculiarity of circumstance or condition. We cannot, therefore, say, *as matter of law*, that it was a want of proper care and diligence in the plaintiff " in attempting to cross the bridge in a totally dark night, without a light." This was exclusively a question of fact for the decision of the referee, and he has reported that there was no want of diligence or care on the part of the plaintiff, unless the court should hold as matter of law that he was wanting in proper care and diligence " in attempting to cross the bridge in a totally dark night, without a light." This finding is conclusive in establishing the right of the plaintiff to recover.

We do not controvert the proposition that, under certain cir- cumstances, where there is no dispute or controversy about facts, the want of proper care in the traveler may be inferred as a con- clusion of law. The most common illustrations of this principle occur in the case of injuries to travelers upon railroads, and the cases of *Herring* v. *New York and Erie R. R. Co.,* 13 Barb. Sup. Court Rep. 9 ; *Brooks* v. *Buffalo and Niagara Falls R. R. Co.,* 25 *ib.* 600 ; *Dascomb* v. *Buffalo and State Line R. R. Co.,* 27 *ib.* 221 ; *Mackey* v. *New York Central R. R. Co.,* 27 *ib.* 528 ; and *Todd* v. *Old Colony and Fall River R. R. Co.,* 3 Allen 18, are cases of this character. In this last case the reason of the principle is stated by BIGELOW, CH. J., with great clearness and

force. "Looking" (says he,) "at the mode in which rail roads are constructed, with posts and barriers which are placed very near the track on which the cars are to pass, the rapid rate at which trains move, the manner in which cars are made, with seats to accommodate passengers so as to avoid any exposure of the body or limbs to outward objects in passing, we can see no ground on which it can be contended that a person traveling on a rail road is exercising reasonable care in placing his arm in such a position that it protrudes from a window and may come in contact with external obstructions."

In traveling on a rail road car, the danger from collisions would be the same to one person as to another under the same conditions of exposure of the body or limbs to outward objects, and the conclusions from a given state of facts are certain and definite, and in such a case the conclusions may properly be regarded as matters of law. But in the case of travel upon a common highway the same certain and definite conclusions, as applicable to each individual traveler from a given state of facts, are never attainable. They must vary more or less with the peculiarities of each particular case ; and the principles which are applicable to one mode of traveling may be wholly inapplicable to another.

The findings of the referee are conclusive as to all the facts of the case, and are not now subject to revision. The same evidence which was before him might satisfy us that the highway was sufficient,—that the town was not in fault,—and that the plaintiff was not in the exercise of ordinary care ; but the reverse of each of these facts is established by the referee's report, and we must give the proper legal effect to the facts thus established.

The judgment of the county court for the plaintiff is affirmed.