CAPELLO'S ADMR. *v.* AERO MAYFLOWER TRANSIT COMPANY.

(68 A2d 913)

May Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, ADAMS, and BLACKMER, JJ., and HULBURD, Supr. J.

Opinion filed November 1, 1949.

*Bloomer & Bloomer* for the plaintiff.

*Ryan, Smith & Carbine* for the defendant.

SHERBURNE, C. J.   This is an action for damages resulting from a motor vehicle accident.   The accident happened on the highway a little south of Brandon village on June 6, 1946, when the plaintiff's intestate, who was driving a sedan, was attempting to pass a truck, consisting of a tractor and trailer van.   When she was about half way past the van the tractor pulled over to the left and crowded her off the road.   The only evidence as to the ownership of the truck, or that its operator was then engaged in the defendant's service, was the name "Aero Mayflower Transit Company" upon it.   At the close of the plaintiff's evidence the court granted defendant's motion for a directed verdict, and the plaintiff excepted.

In this Court the defendant does not question the sufficiency of

the evidence to show that the accident resulted from the negligence of the truck driver, and that plaintiff's intestate was free from contributory negligence. The only issue here is whether the showing of the defendant's name upon the truck was sufficient, at the close of the plaintiff's evidence, to take the plaintiff to the jury on the liability of the defendant.

According to the annotations in 42 ALR 898-922, 74 ALR 951-968, and 96 ALR 634-645, a majority of our state courts take the view that, in an action for injuries from being struck by an automobile, proof that the automobile was owned by the defendant at the time of the accident makes out a prima facie case that the operator of the automobile was engaged in the defendant's service, or, in other words, that a rebuttable presumption, or an inference, arises, from proof of the defendant's ownership of the automobile, that at the time of the injury the automobile was being operated by him, or by his servant or agent under circumstances which would render him liable under the doctrine of respondeat superior. The following are some of the cases so holding: *Giblin* v. *Dudley Hardware Co.,* 44 RI 371, 117 A 418; *St. Andrassy* v. *Mooney,* 262 NY 368, 186 NE 867; *Ferris* v. *Sterling,* 214 NY 249, 108 NE 406, Ann Cas 1916 D 1161; *Dennery* v. *Great Atlantic & Pacific Tea Co.,* 82 NJL 517, 81 A 861, 39 LRANS 574; *Mehan* v. *Walker,* 97 NJL 304, 117 A 609; *Vonderhorst Brewing Co.* v. *Amrhine,* 98 Md 406, 56 A 833; *Pennsylvania R. Co.* v. *Lord,* 159 Md 518, 151 A 400; *Alabama Power Co.* v. *McGehee,* 228 Ala 505, 154 So 105; *Landry* v. *Oversen,* 187 Iowa 284, 174 NW 255; *Ahlberg* v. *Griggs,* 158 Minn 11, 196 NW 652; *Philip* v. *Schlager,* 214 Wis 370, 253 NW 394; *Judson* v. *Bee Hive Auto Service Co.,* 136 Or 1, 5, 297 P 1050, 74 ALR 944.

The reason given by the courts in so holding is to the effect that the owner may well be assumed to know how and by whom his property is being used; and if he denies that the automobile was being operated by or for him, it is not too much to exact from him a showing of the facts claimed to sustain such denial. The rule proceeds upon the theory that the facts are peculiarly within the knowledge of the defendant, who can easily furnish the necessary evidence to show that the automobile was not being used for him, if such is the fact; and though this rule occasionally works a hardship upon the defendant, a less liberal rule would frequently result in hardship to the plaintiff.

In *Dennery* v. *Great Atlantic & Pacific Tea Co., supra,* evi-

dence that the wagon, which ran over the plaintiff, was marked with defendant's name was held sufficient to justify the inference that the defendant was its owner, and such inference established prima facie that the defendant was in possession and control of the wagon by the driver, its servant. In *Giblin* v. *Dudley Hardware Co., supra,* the defendant had the motor truck duly registered, and the distinguishing number assigned thereto displayed upon it at the time of the accident. No notice of a transfer of defendant's interest in the truck had been filed. Held that under these circumstances the plaintiff could rely upon the presumption that the requirements of the law had been complied with, and that the defendant was the owner of the truck at the time of the accident; and that the plaintiff having so proved that the truck was owned by the defendant at the time of the accident, it was a reasonable presumption that it was being used in the defendant's business at that time. In *Ferris* v. *Sterling, supra,* it was held that the license number of the car, coupled with evidence that the defendant held the license, was prima facie proof that the defendant was the owner, and that it was more than that, it was prima facie proof that the custodian of the car was then engaged in the owner's service.

█ The rule making it possible for the plaintiff to establish, by proof of the defendant's ownership of the automobile causing an accident, a prima facie case that the driver thereof was his agent and acting within the scope of his authority is a just and reasonable rule. Its desirability is emphasized at the present day by the increased traffic, both local and interstate, on our highways, and by the corresponding increase in automobile accidents. The burden of going forward with the evidence placed on the defendant is minimized by the doctrine of *Tyrrell* v. *Prudential Ins. Co.,* 109 Vt 6, 23, 24, 192 A 184, 115 ALR 392, whereby the presumption vanishes as soon as evidence is introduced from which the contrary may fairly and reasonably be found. Experience demonstrates that the probabilities are that an automobile or truck will be driven by the owner, or someone for whose negligence he will be responsible. If, in fact, it is being driven by one for whose acts the owner is not responsible, it is but fair that the defendant owner should be compelled to introduce some evidence fairly and reasonably tending to show affirmatively his non-responsibility. These are facts which ordinarily are easily and readily available to him. Therefore the rule is approved that proof that an automo-

bile involved in an accident was owned by the defendant at the time of the accident makes a prima facie case that the operator of the automobile was engaged in the defendant's service. In other words, from proof of the defendant's ownership of an automobile involved in an accident arises a rebuttable presumption that at that time the automobile was being operated by him or by his agent acting within the scope of his authority. The holding to the contrary in *Ronan* v. *Turnbull Co.,* 99 Vt 280, 287, 288, 131 A 788, is overruled.

■■ Defendant's name upon the truck was prima facie proof that the defendant owned it. 42 Am Jur, Property § 41; *Howell* v. *Mandelbaum,* 160 Iowa 119, 140 NW 397, Ann Cas 1915 D 349; *Kellogg* v. *Church Charity Foundation,* 203 NY 191, 96 NE 406, 38 LRANS 481, Ann Cas 1913 A 883; *Dennery* v. *Great Atlantic & Pacific Tea Co., supra.* Defendant's name upon the truck was also prima facie proof that the defendant had its custody and control, whether it owned it or not. *Simon* v. *City Cab Co.,* 78 F2d 506; *Callas v. Independent Taxi Owners Assoc.,* 66 F2d 192; *Breen* v. *Dedham Water Co.,* 241 Mass 217, 135 NE 130. From this evidence, plus the evidence that the truck was being driven upon the highway, a presumption arises that at the time it was being operated in the regular course of his employment by an agent or servant of the defendant, its owner or custodian. In so holding we apply the rule given in *Gero* v. *John Hancock Mutual Life Ins. Co.,* 111 Vt 462, 479, 480, 18 A2d 154, that a given state of facts may give rise to two or more inferences, and in such case one inference is not built upon another, but each is drawn separately from the same evidence.

It was error to grant defendant's motion for a directed verdict.

*Judgment reversed, and cause remanded.*