**SMITH et, Plaintiffs, v. HOPTON, Jr., Defendant.**

Municipal Court, Cincinnati.

No. 736010.   Decided March 28, 1960.

William H. Ruger, for plaintiffs.
C. J. DeMichelis of McCaslin, Imbus & McCaslin, for defendant.

## OPINION

By KEEFE, J.

This is a negligence action in which Truman Smith and his insurance company seek to recover $477.65 from the defendant for damages to Truman Smith's automobile.

Plaintiffs claim that the defendant was negligent in operating his vehicle on Sleepy Hollow Road, in Kenton County, Kentucky, at about 5 o'clock in the morning, September 27, 1959, and that this negligence caused plaintiffs' damages.   Defendant generally denies the allegations of negligence.

Truman Smith, car owner, was not operating his automobile at the time of the accident but it was being driven by Paul Smith, a relative of Truman's wife.   The incident occurred about 5 a. m.   Truman Smith had left his car in the hands of Paul Smith about 3 o'clock a. m. when Truman, after a long night of social diversion with Paul and others, decided that going home to bed was the indicated course of action for him.   Paul's social instincts were not satisfied by 3 a. m., and he, with two ladies as passengers, continued on.   Two hours later, the accident occurred with Paul at the wheel of Truman's car and the defendant

driving the other. .With Paul at the time was one of the aforementioned ladies, the other having found another male companion by that time.

In addition to the early morning hour, the evidence shows that when the accident happened Paul had been drinking off and on for five to six hours, that the section of the road involved was extremely winding, that visibility was bad, the road was wet with falling rain, and that Paul had next to him a lady friend to whom he had been making love earlier in the evening while driving although he could not recall for certain whether or not he had his arm around her when the collision occurred. Paul's destination was a known location where he hoped to be able to inveigle his passenger into further love making. The facts clearly present a situation of preoccupation on the part of Paul with activity other than the attentive or prudent operation of the car he was operating. The defendant also admits having been to a party earlier in the evening and having consumed an indeterminate quantity of beer. Each blames the other with some degree of intoxication and with crossing the center of the road into the path of the other.

Testimony as to debris is inconclusive, Paul stating that while most of it was on his side, some was on the defendant's portion of the road. Of those who testified, I found no witness who could be said to be wholly objective in his observations of the transaction.

What we have here in the final analysis is an accident between two cars both driven by men who had spent long periods of time drinking and celebrating, and Paul Smith also having his mind admittedly on a venture which definitely militated against his attention to driving.

What transpired could have been the way the plaintiffs contend; it might have happened the way the defendant says. There is an unconvincing nature to nearly all of the testimony, and as the trier of facts I cannot find that the plaintiff has sustained the burden of proving its case by a preponderance or greater weight of the evidence. A court judgment cannot be predicated on speculation and conjecture, and where, as here, the only true eye witnesses are the two drivers, both of whom admit to having had a fair amount to drink, under these and all the other circumstances, the evidence does not reach the state of preponderating in favor of the plaintiff.

The requirement of a preponderance of evidence is not satisfied if the evidence is in equipoise, and in such case the party having the burden of proof must fail. He who has the burden of proof must prove each material fact in controversy necessary to his right of recovery, by a preponderance of evidence; judgments and verdicts cannot be founded upon mere speculation. 21 O. Jur. 2d par. 696.

Judgment is for the defendant, Richard H. Hopton, Jr.

I have indicated above my reasons for the judgment in defendant's favor. However, the evidence here also suggests the applicability of the doctrine known as negligent entrustment. If my findings had concluded that both defendant and Paul Smith were negligent and such negligence constituted the proximate cause of the accident and damages, and whatever injuries there were, even then Truman Smith could not recover. An ordinarily prudent person, situated as Truman Smith was at 3 o'clock on the morning in question, would have forseen that the

entrustment of Truman's car to Paul, under the circumstances then present (drink, late hour, wet roads, love making in the car) would in all likelihood result in an accident. The bailor (Truman Smith) knew or ought to have known at the time of bailment that the operation by Paul was likely to be reckless, incompetent and unsafe and a danger to other persons. What actually happened on that early morning was a reasonably probable consequence of the 3 a. m. bailment. The liability in such a case does not rest upon ownership or agency, but upon the combined negligence of the bailor and bailee—negligence of the bailor in entrusting the instrumentality to an incompetent bailee, and the negligence of the bailee due to such incompetence. As I say, when Truman turned his car over to Paul he ought to have anticipated, and must be held to have known, that such an accident as did happen was reasonably likely to happen. 6 Am. Jur. par. 314 under Bailments, entitled "Where Bailor is Negligent in Entrusting Instrumentality to Bailee."

This opinion satisfies any request which the parties or their attorneys may have for findings of fact and conclusions of law.

Judgment for defendant.