**Robert B. MIDER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 3992.

United States District Court
S. D. Ohio, W. D.

Nov. 3, 1961.

Clement J. DeMichelis, Cincinnati, Ohio, for plaintiff.

Joseph P. Kinneary, U. S. Atty., Columbus, Ohio, Richard Pennington, Asst. U. S. Atty., Cincinnati, Ohio, for U. S.

PECK, District Judge.

This action was brought under the Federal Tort Claims Act, Title 28, United States Code, Sections 1346(b) and 2671 et seq., to recover damages allegedly suffered by the plaintiff when an automobile owned and operated by him came into collision with a vehicle owned by the United States of America and operated by Air Force personnel. The factual presentation was made by stipulation and consisted in large part of the court martial record of the airman who was operating the defendant's vehicle.

The stipulations established that on the day in question the officer in charge of the motor pool of the Air Force base to which the vehicle and men here involved were assigned was absent therefrom, as was the warrant officer who was his assistant; that in their absence from the base the motor pool sergeant was in charge thereof, that he authorized the execution of a dispatch voucher, commonly referred to as a "trip ticket," assigning the vehicle in question to himself, and that he and another enlisted man left the base in said vehicle; that several hours later, during which period both men partook of intoxicants, the collision occurred at a time when the sergeant was a passenger in the car then being operated by the other enlisted man; it was further specifically stipulated that the collision between the vehicle so op-

erated and that of the plaintiff occurred under circumstances which would have imposed personal liability on the operator of the Air Force vehicle.

As will be readily apparent, this situation squarely raises a factual question as to whether the operator of its vehicle was acting within the scope of defendant's employment, and if not, whether the defendant has been otherwise guilty of negligence through its servants, which cause it to be liable. In our view of the case, it is unnecessary to here decide whether. the driver was acting within the scope of employment at the time of the accident because we feel that the case can be disposed of on the basis of the circumstances of the dispatching of the vehicle. It is our specific finding as a matter of fact that the motor pool sergeant, who was vested with apparent authority to dispatch vehicles under the existing conditions, was acting within the scope of his employment (or "in line of duty") in ordering the dispatch here in question. Thus this case is not within the application of such cases as Voytas v. United States, 7 Cir., 256 F.2d 786, which announce a rule we would expand with reluctance.

The stipulations fail to disclose that the vehicle was dispatched for any proper purpose, and on the contrary indicate that the probable reason of its use was the accomplishment of a personal purpose; this conclusion is supported by evidence of the events of the ensuing hours, which included, for example, a visit to a private residence for a changing of clothes, and by the fact that the collision occurred some fifty-five miles from the base at a point near where one of the men was stated to have had personal business. We conclude that the defendant was negligent in dispatching the vehicle in the manner and under the circumstances prevailing, and that the collision was a reasonably foreseeable result thereof.

While in view of the foregoing, an extended review of the cases cited by counsel would be superfluous, mention of

some might be helpful. One line of authorities submitted by the plaintiff (McDougall v. Glenn Cartage Company, 169 Ohio St. 522, 160 N.E.2d 266, Capello v. Aero Mayflower Transit Co., 116 Vt. 64, 68 A.2d 913, and Fullerton v. Motor Express, Inc., 375 Pa. 173, 100 A.2d 73) deals with the inference arising from the operation on the public highways of a vehicle bearing markings indicating its ownership. Consideration of such cases becomes unnecessary where, as here, the ownership of the vehicle and its operation by an employee at time of accident of the defendant is not at issue.

Similarly, no useful purpose would be served by more than here recognizing the roughly analogous situation existing in cases against automobile owners who left ignition keys in cars thereafter stolen and negligently operated by the thieves. See Garbo v. Walker, Ohio Com.Pl., 129 N.E.2d 537, Ross v. Hartman, 78 U.S. App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, and Schaff v. R. W. Claxton, Inc., 79 U.S.App.D.C. 207, 144 F.2d 532.

Another interesting but only remotely comparable case was presented where the defendant loaned his car to the tortfeasor for the stated purpose of becoming involved in a drinking bout and plaintiff's damages were suffered while the bailee was operating the vehicle under the influence of alcohol (Mitchell v. Churches, 119 Wash. 547, 206 P. 6, 36 A.L.R. 1132; see also Smith v. Hopton, Ohio Mun.Ct., 169 N.E.2d 646).

No case precisely in point has been cited by counsel for either party, nor has our research disclosed the existence of an authority felt to be controlling.

It being our conclusion that the plaintiff is entitled to recovery under the stipulated facts, it remains only to assess the damages suffered. After a review of all of the evidence submitted on this point it is our opinion that plaintiff may be reasonably compensated for damages suffered by an award in the amount of $6,848.39, and judgment in such amount may be entered.