# Westchester Fire Ins. Co., The Hartford Fire Ins. Co., and Aetna Casualty & Surety Co. v. Robert Deuso, Edgewater Pavilion, Inc. and Peoples Trust Company of St. Albans

[505 A.2d 666]

No. 84-121

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 13, 1985

*John T. Sartore, Robert G. Cain,* and *Stephen J. Soule* of *Paul, Frank & Collins, Inc.,* Burlington, for Plaintiffs-Appellees.

*Michael Rose,* St. Albans, for Defendants-Appellants.

**Peck, J.** This is an appeal from the denial of a motion for judgment notwithstanding the verdict. Trial was by jury; verdict was entered for the plaintiffs in a declaratory judgment action, which concerned a fire that substantially damaged the Edgewater Pavilion building in St. Albans, Vermont. The plaintiffs, three insurance companies which insured the Pavilion, sought a declaratory ruling that the defendants' claims under the insurance policies were barred on the ground that the fire was set by or on behalf of the defendants, Robert Deuso and his corporation, Edgewater Pavilion, Inc. (defendants). The defendants counter-

claimed for recovery of $61,000.00, the amount of their insurance policy limits.

At trial, the defendants moved for a directed verdict after the close of the plaintiffs' case. Following the denial of this motion, the defendants rested their case and renewed their motion, which was also denied. The jury returned a verdict for the plaintiffs, thereby denying the insurers' liability and dismissing the defendants' counterclaim. The defendants moved for a judgment notwithstanding the verdict, which was denied and this appeal followed. We affirm.

The defendants advance three reasons to support their argument that the trial court erred in denying the motions: (1) that the presumption of innocence was not overcome; (2) that to reach its verdict, the jury had to base one inference upon another; and (3) that the evidence on the defendants' motive lacked probative value.

■ At the outset we note that a "motion for judgment notwithstanding the verdict cannot be granted if the record contains any evidence that 'fairly and reasonably' tends to support the jury's verdict. When ruling on a motion for judgment, the judge takes the evidence in the light most favorable to the prevailing party and excludes the effect of modifying evidence." *Champlain Oil Co.* v. *Trombley*, 144 Vt. 291, 295, 476 A.2d 536, 538 (1984) (citation omitted). The same standard applies to directed verdict motions. *Senesac* v. *Associates in Obstetrics & Gynecology*, 141 Vt. 311, 312, 449 A.2d 900, 902 (1982).

■ We also note that circumstantial evidence may be used to establish arson in a civil case. *Belock* v. *State Mutual Fire Insurance Co.*, 106 Vt. 435, 443, 175 A. 19, 23 (1934). As arson is a covert and clandestine act, there is seldom direct evidence of the actual perpetration. "Arson is an offense which is most often proved by circumstantial evidence. . . . It is judicially recognized that a well-connected train of circumstances may be as satisfactory as an array of direct evidence." *Great American Insurance Co.* v. *K & W Log, Inc.*, 22 Wash. App. 468, 473, 591 P.2d 457, 460 (1979) (citations omitted).

■ We turn first to the defendants' claim that Vermont law requires a presumption of innocence in this case. The trial court instructed the jury that to return a verdict for the plaintiffs, they must find by a preponderance of the evidence that the fire was of incendiary origin and that it was caused by or on behalf of the

defendants. The defendants did not object to the jury instructions and hence cannot challenge them on appeal. "A failure to object to instructions precludes appellate review of those instructions." *Collette* v. *Bousley*, 141 Vt. 373, 374, 449 A.2d 936, 937 (1982); V.R.C.P. 51(b).

■ Next we consider the defendants' claim that the jury verdict was unsupported by the evidence. We find that the record discloses credible evidence to support a finding that the fire was of incendiary origin. On August 24, 1979, the Edgewater Pavilion, a nightclub, was substantially destroyed by fire. Investigation by a state police arson investigator revealed that the fire started near the Pavilion's electrical panel at approximately 8:00 a.m. on the 24th. The investigation also disclosed that the Pavilion had been entered through an unlocked window in the rear of the building., An eyewitness had observed two men in that area at 8:00 a.m. and saw them leave shortly thereafter. A thorough investigation of the fire and the electrical wiring led the arson investigator to conclude that the fire was deliberately set near the electrical panel to simulate an accidental fire. The investigator testified that, in his opinion, the fire was not electrical, but was started with an accelerant, such as the alcohol readily available in the nightclub's bar. We find this evidence fairly and reasonably supports the jury's verdict that the fire was deliberately set.

The defendants next challenge the evidentiary support linking them with the fire. The plaintiffs' evidence focused on the defendants' motive and opportunity to cause the fire, as well as Deuso's suspicious acts relating to the fire. The trial court instructed the jury that it could consider motive, opportunity and suspicious circumstances, but that none of these standing alone could prove the defendants caused the fire to be set.

The evidence as to motive may be summarized as follows: defendant Deuso had debts of over $77,000, he had been delinquent in making various payments, and he had written many bad checks. In addition, the town selectmen had forced him to close the Pavilion for two weeks during August due to the numerous complaints from the community about the noise from the nightclub. As a result of the town's actions, Deuso agreed to either soundproof the building at an estimated cost of $15,000 or make minor changes and restrict live bands to only Friday and Saturday nights.

The evidence presented on the opportunity to have the fire set and suspicious acts linking Deuso with the fire was: on the day before the fire, Deuso paid his fire insurance premiums and purchased a new personal contents policy of $10,000 coverage, in addition to the Pavilion's $51,000 coverage. He also removed his uninsured motorcycle from the building. On the afternoon before the fire, Deuso was the last person to leave the building and thus had the opportunity to leave the rear window unlocked. Although he lived in an apartment in the Pavilion, Deuso did not return there until the next morning after the fire had destroyed the building.

The two men who were observed at the building shortly before the fire were both known to Deuso and one was a former employee. The brief time the two were at the scene combined with the fire's origin by the electrical panel indicates that they may have known that the window was unlocked and known the location of the electrical panel.

The defendants contend that to reach its verdict, the jury relied upon one inference upon another. They concede that the jury could infer that the fire was set by the two men who were seen at the Pavilion in the morning, but argue that to infer that they set the fire on the defendants' behalf is pyramiding an inference upon an inference. We disagree. The jury had to find that the fire had an incendiary origin and was set by or on behalf of the defendants. Though the jury may have inferred that the two men started the fire, the jury was not required to do so to find that the fire was set on the defendants' behalf. The actual arsonist need not be identified to conclude that the fire was caused on the defendants' behalf. See *Gregory's Continental Coiffures & Boutique, Inc.* v. *St. Paul Fire & Marine Insurance Co.*, 536 F.2d 1187, 1191 (7th Cir. 1976); *Boone* v. *Royal Indemnity Co.*, 460 F.2d 26, 28-29 (10th Cir. 1972); *Quast* v. *Prudential Property & Casualty Co.*, 267 N.W.2d 493, 495-96 (Minn. 1978).

In this case, the inferences that (1) the fire was deliberately set, and (2) that it was set on behalf of the defendants can be drawn separately from the evidence presented. See *Capello's Admr.* v. *Aero Mayflower Transit Co.*, 116 Vt. 64, 67, 68 A.2d 913, 915 (1949); *Gero* v. *John Hancock Mutual Life Insurance Co.*, 111 Vt. 462, 480, 18 A.2d 154, 163 (1941). "Whenever circumstantial evidence is relied on to prove a fact, the circumstances must be proved and not themselves presumed." *Fadden* v. *McKinney*, 87

Vt. 316, 322, 89 A. 351, 354 (1914). In this case, the facts of the circumstantial evidence were all established, many of them by Deuso's own testimony.

We turn to the defendants' claim that proof of financial motive is not probative on the issue of whether he was responsible for the fire, because there was no direct proof of that issue. In *Belock* v. *State Mutual Fire Insurance Co.*, *supra*, this Court reviewed the evidence of arson in a civil case: "there were the mortgage, the recent demand for payment, and the comfortable expectation of a sum of money from the insurance company, if the buildings should be burned. It is not inconceivable that he should prefer this way of escape from his financial obligation . . . in spite of his denial." *Belock*, 106 Vt. at 444, 175 A. at 23. Evidence as to the insured's motive to cause the fire is a weighty element in the proof of arson in civil cases. See *Gregory's Continental Coiffures & Boutique, Inc.* v. *St. Paul Fire & Marine Insurance Co.*, *supra*; *Elgi Holding, Inc.* v. *Insurance Co. of North America*, 511 F.2d 957 (2d Cir. 1975); *Great Southwest Fire Insurance Co.* v. *Stone*, 402 So. 2d 899 (Ala. 1981); *Quast* v. *Prudential Property & Casualty Co.*, *supra*; 21B J. Appleman, Insurance Law & Practice § 12682 (1980). The jury may properly consider motive in evaluating all the circumstances.

We find the circumstantial evidence linking the defendant with the fire to be sufficient to sustain the jury verdict and therefore affirm.

*Affirmed.*