# Josephine McCormack and John McCormack v. State of Vermont, Harry Philip Brown and Aime Bellavance & Sons, Inc.

[553 A.2d 566]

Nos. 86-167 & 86-271

Present: **Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed September 30, 1988

*William B. Miller, Jr.* and *Heather R. Wishik* of *Langrock Sperry Parker & Wool*, Middlebury, for Plaintiffs-Appellants.

*Mark H. Kolter* and *Harold P. Berger* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellee State.

*Dorothy L. Helling* and *Peter B. Joslin* of *Theriault & Joslin, P.C.*, Montpelier, for Defendants-Appellees Brown and Aime Bellavance & Sons, Inc.

**Peck, J.** Plaintiffs, Josephine and John McCormack, appeal from judgment notwithstanding the verdict entered by the Windsor Superior Court in favor of defendants the State of Vermont, Harry Philip Brown and Aime Bellavance & Sons, Inc.* We affirm in part and reverse in part.

---

* Aime Bellavance & Sons, Inc., the employer, was responsible for the acts of the driver Brown, through the doctrine of respondeat superior.

Taking the evidence in the light most favorable to plaintiffs as the nonmoving parties, *Kinzer* v. *Degler Corp.*, 145 Vt. 410, 412, 491 A.2d 1017, 1018 (1985), the record discloses the following facts.

On February 6, 1982, Josephine McCormack (hereinafter "plaintiff") was driving south on Route 14 in South Randolph, when the small pick-up truck she was driving collided with the rear wheels of a large tractor-trailer owned by defendant Bellavance & Sons, and driven by co-defendant Brown. As a result of the collision, plaintiff was severely injured.

It had been snowing for some time prior to the accident. The road had been plowed and salted approximately two and one-half hours prior to the accident. Highway maintenance occasioned by the snowfall resulted in a plowed snowbank extending to within the painted "fog line" which normally defines the side of the road's travelled portion. Additionally, some snow may have sloughed off from the plowed bank onto the travelled surface of the road, having a possible cumulative effect of narrowing plaintiff's lane of travel by one and one-half feet.

At a 300 degree curve on a crest of a hill, defendant's tractor-trailer truck "undercut" the curve in the road so that its rear wheels crossed the yellow center line by as much as 15 inches, resulting in the collision. When the tractor-trailer's wheels collided with plaintiff's truck, they pushed it backward into the snowbank created by the State's plow. Plaintiff's injuries resulted from both the initial impact with the truck and the impact with the bank of snow.

Plaintiff's expert testified that the lane she was travelling on was eight and one-half feet wide so that even with the snow having "sloughed off" the bank, she had a lane of travel seven feet wide, more than sufficient for a driver to pass in an ordinary vehicle.

The jury verdict held that plaintiff was 48% negligent in causing the collision and resulting harm, the State of Vermont 30% negligent, and the truck driver and his employer 22% negligent. Judgment was entered accordingly for plaintiff, and the State then moved for judgment in its favor notwithstanding the verdict. V.R.C.P. 50(b). The trial court granted the motion, stating that plaintiff produced no evidence that the State had notice of an unsafe condition requiring further maintenance or that the plowing or maintenance practices at that curve deviated from the

standard procedure for that type of road and under the prevailing weather conditions. Accordingly, it concluded that applying the standard that the State has a duty to exercise reasonable diligence to keep its roads in a reasonably safe condition for the uses for which they were established, *Drew* v. *Town of Sutton*, 55 Vt. 586, 589 (1882), the State cannot be held negligent in this case.

Following the court's action granting the State's motion, defendants Brown and Bellavance filed a motion seeking judgment notwithstanding the verdict. These defendants argued that since plaintiff's fault is greater than their fault, under Vermont's comparative negligence law, 12 V.S.A. § 1036, they are entitled to judgment in their favor and dismissal of all claims with prejudice. The trial court agreed, and granted their motion.

Plaintiffs argue that the trial court incorrectly granted the State of Vermont's motion for judgment notwithstanding the verdict in light of evidence produced at trial of the State's negligent maintenance of the road. They further contend that the trial court incorrectly applied Vermont's comparative negligence law in granting Brown's and Bellavance's motion for judgment notwithstanding the verdict rather than ordering a new trial on all issues.

The legal question raised by a motion for judgment notwithstanding the verdict is "whether the result reached by the jury is sound in law on the evidence produced." *Kinzer*, 145 Vt. at 412, 491 A.2d at 1018. Further, a motion for judgment notwithstanding the verdict cannot be granted by the trial court unless the record contains no substantial evidence that "fairly and reasonably tends to support the jury's verdict." *Westchester Fire Ins. Co.* v. *Deuso*, 146 Vt. 424, 426, 505 A.2d 666, 667 (1985).

I.

In this case the trial court properly granted the State of Vermont's motion for judgment notwithstanding the verdict. Upon review of the record we conclude that no evidence was presented to establish that the State breached its duty of care.

The State has an obligation to use reasonable diligence to maintain its roads in a reasonably safe condition for the uses for which they were established. *Drew*, 55 Vt. at 589; *Swift* v. *Town of Newbury*, 36 Vt. 355, 358 (1863); see *Mosseller* v. *City of Asheville*, 267 N.C. 104, 107-08, 147 S.E.2d 558, 561 (1966). In order

for a breach of this duty to occur, the State must have either actual or constructive notice of the existence of the defect and a reasonable amount of time in which to correct it. *Morse* v. *Town of Richmond*, 41 Vt. 435, 442 (1868); see *Valentino* v. *State*, 62 A.D.2d 1086, 1088, 403 N.Y.S.2d 596, 598 (1978); *Graham* v. *Rudison*, 348 So. 2d 711, 713 (La. App. 1977).

Where the defective condition is caused by an affirmative act of the State itself, however, no notice of any kind, either actual or constructive, is necessary. *Johnson* v. *State*, 636 P.2d 47, 52 (Alaska 1981); see also *Cain* v. *Houston General Insurance Co.*, 327 So. 2d 526, 530 (La. App. 1976) (State on notice of danger when it created hazard by painting drastically off-center striping on a curve in a road that was eroding).

In this case, the trial court correctly concluded that there was insufficient evidence that the State created a hazardous condition, and that, accordingly, knowledge of the purported danger could not be imputed to it. It is undisputed that the State's plow had been past the accident site earlier that morning and had cleared and salted the road. The State had no accidents recorded at this particular curve for a number of years prior to this collision, and there was no evidence of abnormal accumulations of snow that would warrant the State to deviate from its standard operating procedures with respect to clearly the highways by plowing, and for more costly and extraordinary methods of snow removal. While it is possible that some "sloughing off" from the snowbank may have occurred, causing a portion of the road to be obstructed, there is no evidence that this in fact occurred, or that the State knew or should have known of this condition. Moreover, even if the snow "sloughed off," plaintiff's expert testified that it would have narrowed the highway only eighteen inches, leaving a lane of travel seven feet wide, which was more than sufficient for plaintiff's vehicle to negotiate the curve if operated under control and at a reasonable speed under the circumstances.

Because there was no evidence that fairly and reasonably supported the verdict, the court properly entered judgment notwithstanding the verdict. *Westchester Fire Ins. Co.*, 146 Vt. at 426, 505 A.2d at 667.

## II.

Plaintiff contends that the trial court erred by granting the motion of defendants Brown and Bellavance for judgment notwithstanding the verdict and not granting her motion for a new trial. We agree.

12 V.S.A. § 1036 provides, in part, that:

> Contributory negligence shall not bar recovery in an action by any plaintiff . . . to recover damages for negligence . . . if the negligence was not greater than the causal total negligence of the defendant or defendants . . . .

The trial court granted judgment for Brown and Bellavance because it reasoned that, without the State as a party, the relative fault of the plaintiff and the remaining defendants must be compared. Since the jury attributed 48% of the total negligence to plaintiff and 22% to Brown and Bellavance, the judge concluded that recovery is not permitted since, viewing their relative fault as a ratio of 48 to 22, plaintiff is over 50% liable and, consequently, is barred from recovery under 12 V.S.A. § 1036.

On appeal, this Court will accord all presumptive support to the trial court's ruling on a motion to set aside a verdict and grant a new trial. *Gilbert* v. *Churchill*, 127 Vt. 457, 461, 252 A.2d 528, 531 (1969) (citations omitted). In this case, the jury was asked by special interrogatories to allocate fault between three parties: the State, Brown and plaintiff. It was not asked, however, to allocate fault as between only plaintiff and Brown. We are left without reasonable information as to what the jury would have decided had it apportioned negligence between only plaintiff and Brown without considering the possible fault of the State. Accordingly, it was error for the trial court to grant judgment n.o.v. in favor of Brown and Bellavance and not to grant a new trial. See *Fitzhugh* v. *Elliott*, 237 Ark. 88, 91, 371 S.W.2d 533, 535 (1963).

*Affirmed as to the judgment n.o.v. in favor of defendant, the State of Vermont. Reversed as to the judgment n.o.v. in favor of defendants Brown and Bellavance and remanded for a new trial on the issue of liability as between plaintiff Josephine McCormack and defendants Brown and Aime Bellavance & Sons, Inc.*