Pentoney v. Stratton Corp., No. 156-4-03 Wmcv  (Wesley, J., Jan 21, 2005)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


**STATE OF VERMONT**
**WINDHAM COUNTY, SS.**

**THOMAS JAMES PENTONEY,**
**by and through his mother and next friend,**
**DIANE DROHAN, and DIANE DROHAN,**
          **Plaintiffs,**

                                                            **WINDHAM SUPERIOR COURT**
                                                            **DOCKET NO. 156-4-03Wmcv**

**THE STRATTON CORPORATION**
**and MARK SUPRUN,**
          **Defendants.**

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Thomas James Pentoney, a minor, rode on a trailer as a member of his Little League baseball team in the Town of Londonderry's 1992 Independence Day Parade.  The trailer and the truck pulling it were owned by The Stratton Corporation (hereafter Stratton) and driven by Mark Suprun, a Stratton employee.  During a vehicle stop, Thomas jumped off to gather some candy and was seriously injured when the vehicle made a sudden start.  Contending that Plaintiffs cannot show Stratton had any duty of care to prevent this injury because Mr. Suprun was not operating the vehicle within the scope of his employment, Stratton moves for summary judgment.  Because there are material disputes regarding the scope of Mr. Suprun's employment, the motion is **DENIED**.

Summary judgment is appropriate if, viewing the evidence favorably to the non-moving

party and giving it the benefit of all reasonable doubts and inferences, the Court determines that there are no genuine questions of material fact and the moving party is entitled to judgment as a matter of law.  See Select Designs, Ltd. v. Union Mut. Fire Ins. Co., 165 Vt. 69, 72 (1996).

Factual Background

This motion is considered assuming that the following  facts can be established at trial, viewing the evidence of record in a light most favorable to Plaintiffs.  At the time of Thomas' injury, Mark Suprun was Stratton's Resort Appearance, Building & Trades Manager and his duties included grounds and building maintenance, resort cleanliness and beautification, snow removal and facilities maintenance.  Suprun was also the coach of a local boys' basketball team, members of which were riding on the trailer together with Thomas' Little League team.  In addition to Suprun, there were at least three other Stratton employees riding on the trailer or in the back of the pickup.  One was Skyler Foulkes, Stratton's Vice President of Operations and the coach of the Little Leaguers.  Two others, dressed as Stratton's mascots, a bear and a snowman, rode in the truck bed along with Suprun's and Foulkes' teams.   The truck itself bore the Stratton logo.

As a general matter, and consistent with its corporate objectives, Stratton encouraged its employees to be involved in civic activities within the community.  According to Foulkes, the Town of Londonderry usually asked Stratton to participate in the parade by sending a truck or float "just like the fire department" and the truck driven by Suprun with the mascots and the sports teams "was it".  (Foulkes Depo. at 30-31.)  While neither Suprun nor Foulkes recalled a specific conversation authorizing or planning Stratton's participation, both felt the decision to

2

use the truck was within Suprun's prerogative as a manager. (Foulkes Depo. at 29-30; Suprun Depo. at 40.) None of the Stratton employees whose presence has been identified were paid specifically for their participation in the parade.

Analysis

Under the well settled doctrine of respondeat superior, an employer is vicariously liable for the tortious acts of an employee committed during, or incidental to, the scope of employment. Brueckner v. Norwich University, 169 Vt. 118, 122-23(1999)(citations omitted). Whether a given act is committed within the scope of employment is a matter of fact based on the circumstances of the particular case. Id. at 123. Conduct will fall within the scope of employment if: (a) it is of the kind the employee is employed to perform; (b) it occurs substantially within the authorized time and space limits; and (c) it is actuated, at least in part, by a purpose to serve the employer. Id. *citing* Restatement(Second) of Agency § 228(1)(1958).[1]

Where a claim relies on respondeat superior, proof of the defendant's ownership of an automobile raises a rebuttable presumption that at the time of injury "the automobile was being operated by him or by his agent acting within the scope of his authority." Capello's Admr. v.. Aero Mayflower Transit Co., 116 Vt. 64, 67 (1949). The presumption vanishes, however, as soon as evidence from which the opposite conclusion may fairly and reasonably be found is introduced. Id. at 66, *citing* Tyrrel v. Prudential Ins. Co., 109 Vt. 6, 23(1938). In this case Stratton does not dispute its ownership of the truck but it contends that any presumption of agency is overcome by evidence Suprun was not working for his employer by participating in the

---

[1]In a case in which force is intentionally used by the employee against another, the conduct must not be unforeseeable by the employer. Id.

3

parade. According to Stratton, parade participation was not the kind of employment for which Suprun was hired. Nor did the parade occur during Suprun's regular working hours, on Stratton's property or under Stratton's sponsorship. Rather, argues Stratton, Suprun's decision to participate was motivated solely by his desire to accommodate the local sports teams with which he was personally involved.

While Stratton's position represents one possible view a jury might make of the evidence, the facts are easily susceptible of a different interpretation . As Plaintiffs point out, Suprun and Foulkes were high level employees with sufficient managerial authority to make the decision to enter Stratton's truck in the Londonderry parade, while inviting the corporate mascots along for the ride. Stratton's current suggestion that Suprun's participation was not within the strict limits of his managerial duties might be discounted, since Stratton's presence at the parade can be seen as promoting its image as a good corporate citizen, a goal both Stratton and Suprun no doubt understood to be an important aspect of his managerial expectations. Due to Suprun's efforts, the Stratton logo and mascots were visible indicators of the corporation's identity at an important event within the local community. Indeed, Stratton's official participation had long been a usual and expected feature of the parade. Notwithstanding any personal benefit or pleasure Suprun gained for himself and the teams with which he was associated, it is a reasonable inference that he acted with the concomitant goal of participating in the parade for Stratton's sake. That he would not expect to be paid specifically for this service is unsurprising for a high level salaried employee. From these facts a fact finder could reasonably conclude that Suprun was acting within the scope of his employment when Thomas was injured.

Based on the existence of material facts in dispute concerning the scope of employment,

the Court cannot conclude as a matter of law that Stratton was free of liability for Suprun's acts while driving the corporation's truck, and the motion for summary judgment is **DENIED**.

Dated at Newfane, Vermont, this ___ day of January, 2005.

_____
John P. Wesley
Presiding Judge