*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2011-066

NOVEMBER TERM, 2011

| | | |
|---|---|---|
| Milton J. Marasch | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Civil Division |
| | } | |
| Karissa Trepanier | } | DOCKET NO. S1020-08 Cnc |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a jury verdict in favor of defendant arguing that the trial court erred in denying his motion for judgment notwithstanding the verdict. We reverse and remand for a new trial on damages.

Plaintiff filed suit following a car accident in which defendant rear-ended his vehicle. Plaintiff alleged that defendant was at fault and that the accident caused him injuries to his neck and back. The case was tried before a jury in October 2010. At trial, plaintiff testified that his car was stopped at a red light on Shelburne road waiting to turn left when he was hit from behind by defendant. The collision caused an imprint on plaintiff's bumper. Plaintiff testified that as a result of the accident he sustained injuries to his soft tissue and had neck pain. Plaintiff's chiropractor testified as to plaintiff's resulting injuries and opined that they were a result of the accident, and not from a previous incident. Defendant testified as to her version of the events. She explained that she was following a large truck going north on Shelburne Road and moved into the left lane to pass. She testified that it was raining and the truck sprayed water onto her windshield, obscuring her view and preventing her from seeing defendant's car in time to stop. On cross-examination, she admitted that shortly after the collision she told both her mother and an investigator that the collision was her fault.

At the close of the evidence, plaintiff moved for a directed verdict arguing that he was entitled to judgment as a matter of law on the issue of liability. The court denied the motion and submitted the case to the jury. The jury was given a special verdict form, and the first question asked "Did [defendant] breach a duty of care and cause injuries to [plaintiff]?" The subsequent questions related to the amount of damages. The jury answered "No" to the first question and consequently did not proceed to assess damages. Plaintiff filed a motion for judgment notwithstanding the verdict or for a new trial, arguing that there was no reasonable basis for the jury to conclude that defendant was not responsible for the accident. On January 18, 2011, the court denied the motion. The court's order explained that the jury "obviously concluded that the collision was not defendant's fault and instead resulted from her vision being obscured by an unexpected spray of water on her windshield. This turns on their assessment of credibility, an issue for the jury alone." Plaintiff appeals.

On appeal, plaintiff argues that there was no basis for the jury to reasonably have found that defendant was not liable for causing the accident. Plaintiff asserts that he was entitled to judgment as a matter of law on the question of liability because the facts unequivocally demonstrated that defendant had a duty to maintain a proper look out and violated that duty.

The standard for granting a motion for judgment notwithstanding the verdict "is whether the result reached by the jury is sound in law on the evidence produced." Kinzer v. Degler Corp., 145 Vt. 410, 412 (1985); see V.R.C.P. 50(b) (motion for judgment as a matter of law may be renewed after trial). The motion will be denied "unless the record contains no substantial evidence that fairly and reasonably tends to support the jury's verdict." McCormack v. State, 150 Vt. 443, 445 (1988) (quoting Westchester Fire Ins. Co. v. Deuso, 146 Vt. 424, 426 (1985)) (internal quotation marks omitted).

Viewing the evidence in the light most favorable to defendant, we conclude that there is insufficient evidence to support the verdict. To prove negligence, plaintiff was required to prove the following elements:

> (1) the defendant must owe a legal duty to conform to a certain standard of conduct so as to protect the plaintiff from an unreasonable risk of harm; (2) the defendant must have committed a breach of this duty by failing to conform to the standard of conduct required; (3) the defendant's conduct must be the proximate cause of the plaintiff's injury; and (4) the plaintiff must have suffered actual loss or damage.

Langle v Kurkul, 146 Vt. 513, 517 (1986). In this case, defendant's duty was "to maintain a reasonable and proper lookout for persons and property on the highway, and to use reasonable diligence to avoid injuries to such persons or property." Scrizzi v. Baraw, 127 Vt. 315, 318 (1968).

Defendant claims that she did not breach this duty because a large volume of water sprayed onto her windshield from the truck in front of her and plaintiff's car was not in view until it was too late for her to stop. Even accepting defendant's testimony, there is no basis for the jury to determine that defendant "kept a proper lookout according to the circumstances then existing." Shaw v. Barnes, 166 Vt. 610, 611 (1997) (mem.). She testified that it had been raining prior to the accident and there was a lot of spray coming off the truck, so she sought to pass the truck to avoid the spray on her windshield. Therefore, she knew that the truck's spray was obscuring her view and had a duty to ensure that she could keep a proper lookout under those circumstances. Moreover, she was approaching a stop light and should have known that one or more vehicles could have been stopped at that light. That the spray obscured her view and prevented her from stopping in time to avoid hitting plaintiff's stationary vehicle "warrants an inference that she was going too fast, following too close, or made no proper effort to avert the accident." Hall v. Royce, 109 Vt. 99, 105-06 (1937). No other conclusion is possible from the evidence.

Defendant's reliance on Shaw v. Barnes is unavailing. In that case, the plaintiffs claimed they were injured after the defendant struck their vehicle from behind and moved for judgment as a matter of law following a jury verdict for the defendant. This Court affirmed, concluding that there were sufficient facts to support the verdict including defendant's testimony that she could not stop in time because plaintiffs' vehicle stopped abruptly and that the road was oily. 166 Vt. at 611. In contrast, defendant has not identified any unforeseen circumstances that

2

would have prevented her from avoiding the collision with plaintiff's car had she been exercising due care. As a matter of law, plaintiff has met the first two elements of negligence—plaintiff had a duty and breached that duty.

On appeal, defendant argues that the verdict can be sustained nonetheless because, given the wording of the special verdict form, the jury could have found that defendant was negligent but did not cause any injury to plaintiff. We reject this argument, which was not presented to the trial court. At trial, defendant testified that she hit plaintiff's car and she felt a bump. Although she disputed the extent of the damage caused by the accident, she admitted that she struck plaintiff's car. Further, defendant offered no expert evidence to refute plaintiff's expert testimony that plaintiff was injured by the collision.

As we hold, plaintiff showed negligence and proximate cause as a matter of law. Thus, we do not believe the verdict can be sustained. We recognize, however, that the jury could have awarded no damages because it concluded that the accident did not cause the injuries of which plaintiff complains. In that case, it should have found liability but answered the interrogatory that there were no damages.

<u>Reversed and remanded for a new trial on damages, if any</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice