### Ruth Young v. James D. Lamson

[160 A.2d 873]

March Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed May 3, 1960

*Abare & Sargent* for the plaintiff.

*Richard E. Davis* for the defendant.

**Holden, J.** The plaintiff seeks to recover for damages sustained when her 1955 Chevrolet sedan collided with the rear of a motor vehicle the defendant had halted in the highway. The accident occurred after dark, on November 10, 1958.

On that evening, the plaintiff's son, Charles Young, was visiting at the plaintiff's home in Williamstown. While trying to repair the plaintiff's television set, Charles decided that a new tube was needed. He left the plaintiff's home to procure this part. An automobile owned by Charles was in the yard, but he had general permission to use the plaintiff's car. And on this occasion, as he left the plaintiff's house, he told the plaintiff that he was going to use her car. It does not appear from the evidence that he told Mrs. Young the particular purpose of his errand.

While returning from Barre, after purchasing the television tube, he came over a brow of a hill, and was entering the section of town known as South Barre, at a speed of thirty-five miles an hour. He observed the defendant's car, proceeding ahead of him, in his lane of travel at an estimated distance of

two-tenths of a mile. The tail lights on the defendant's vehicle were lighted. As the plaintiff's car approached to about eighty feet of the defendant's automobile, the operator realized that the defendant's car had come to a stop. The plaintiff's operator applied his brakes but the plaintiff's car struck the rear of the defendant's vehicle, causing the damage sought to be recovered in this action.

The defendant had brought his car to a halt to talk with one of three girls who were walking along the edge of the highway. The evidence is in sharp conflict as to whether the left lane of travel was occupied by a car approaching from the opposite direction at the time of the collision.

At the conclusion of the evidence the plaintiff requested the trial court to direct a verdict in her behalf stating two reasons. First, she contended that her automobile was the subject of a bailment, which excluded any agency, or master and servant relationship between the plaintiff and the operator of her car. She claims the alleged bailment frees her, as a matter of law, from contributory negligence on the part of her son. The second ground of the plaintiff's motion is that the halting of the defendant's car in the lane of travel of the plaintiff's vehicle concludes the defendant's negligence and establishes his liability for the accident. The motion for verdict was denied and the jury returned a verdict for the defendant. The plaintiff appeals and assigns error to the denial of her motion for a directed verdict on the grounds stated at the trial.

One of the incidents of the status of principal and agent is the power of the agent to subject his principal to liability for an act done in furtherance of the agency. *Ploof* v. *Putnam*, 83 Vt. 252, 255, 75 A. 277, 26 L. R. A., N. S., 251; *Palmer* v. *St. Albans*, 60 Vt. 427, 437, 13 A. 569. In this consequence, the agency relationship differs from that arising from a pure bailment, since a bailee, as such, has no power to subject the bailor to liability in tort. Restatement, Agency, §12, Comment c. The ordinary bailment, undertaken without some special provision, leaves no residue of control in the bailor as to how the bailed property is to be handled or oper-

ated to protect the rights of third persons. *Felton* v. *Deall*, 22 Vt. 170, 173; 6 Am. Jur. Bailments, §313, p. 410; 8 C. J. S. Bailments, §40, p. 318. It follows that the contributory negligence of the bailee is not attributed to the bailor if the property bailed is damaged by the joint fault of the bailee and a third person, unless some element of principal and agent or master and servant is involved in the event. *Osborne* v. *Cline*, 263 N. Y. 434, 189 N. E. 483, 484; *Robinson* v. *Warren*, 129 Me. 172, 151 A. 10, 11; 65 C. J. S. Negligence §161, p. 804.

■ ■ The understanding that property is to be used primarily for the benefit of the owner is oftentimes the determinant feature in distinguishing agency from a strict bailment. Restatement, Agency, §13, Comment b. To constitute an agency relationship, or that of master and servant, it is not essential that an express contract subsist between the parties. In considering the problem in connection with the operation of a motor vehicle, this Court recently stated the real test, as to third persons, is whether the act, however trivial, is done by one for another, with the knowledge of the person sought to be charged as master, with his assent, expressed or implied, even though there was no specific request on his part to do the act in question. *Brown* v. *Gallipeau*, 116 Vt. 290, 293, 75 A.2d 694.

The plaintiff denied that her son was on her errand at the time of the collision or that he discussed the trip with her before leaving. Against this, the plaintiff admitted, and her son concurred, that she was advised that Charles was going to take her car to make the journey. Also, Charles was repairing the plaintiff's property, in her home with her implied approval and for her apparent benefit.

■ Direct evidence was not required to establish that the operator of the plaintiff's car was acting for the plaintiff. The fact of agency may be shown by the circumstances. It may be inferred from the conduct of the parties and may arise from a single transaction. *Luce* v. *Chandler*, 109 Vt. 275, 280, 195 A. 246; *State* v. *Kempesti*, 102 Vt. 152, 159, 147 A. 273.

■ Beyond this, the proof of the plaintiff's ownership of the vehicle involved in the accident raised a presumption that her car was being operated in her service. *Capello's Admr.* v. *Aero Mayflower Transit Co.*, 116 Vt. 64, 65, 68 A.2d 913. The rule is one of necessity and has developed from the increased traffic on public highways. The presumption rests in part, at least, on the assumption that the owner of a motor vehicle ordinarily knows how, and by whom, his automobile is being operated. If he would deny the vehicle was being used for his benefit, it is not too much to exact from him an adequate showing of facts to support his denial. *Capello's Admr.* v. *Aero Mayflower Transit Co.*, *supra*, 116 Vt. at 65-66, 68 A.2d at 914, 915.

The circumstances tended to refute the claim of the plaintiff that Charles was not on her errand. It was for the jury to say whether there was a relation of agency to which the operator's contributory negligence might attach. *Miller* v. *Sales and Service, Inc.*, 149 Or. 11, 38 P.2d 995, 96 A. L. R. 628, 631-632, and annotation that follows.

■ The law required the operator of the plaintiff's car, in following the defendant, to control his speed and distance from the car ahead that he could adequately provide for the contingency of the defendant's sudden stopping. The failure to do so may constitute negligence. *Ploesser* v. *Burlington Rapid Transit Co.*, 121 Vt. 133, 141, 149 A.2d 728; *Cote* v. *Boise*, 111 Vt. 343, 349, 16 A.2d 175. It was for the jury to determine whether there was a shortage of care on the part of the plaintiff's operator in this respect and whether such fault should be imputed to the plaintiff.

■ Turning to the second ground of the plaintiff's motion, there was an equivalent issue for the jury on the question of the defendant's negligence. 23 V. S. A. §1044 forbids the stopping of a vehicle on a public highway in such a way as to interfere with the movement of traffic. But the mere stopping on the traveled way does not constitute negligence unless the halting of the vehicle was the proximate cause

of the accident that followed. The conflict in the testimony concerning the approach of a vehicle from the opposite direction made an issue of fact for the jury. It was their province to find whether the defendant's vehicle was halted in such a way that it interfered with the movement of traffic and whether the interference caused the accident within the sense of the statute. *Palmer* v. *Marceille,* 106 Vt. 500, 506, 175 A. 31; *Bessette* v. *Humiston,* 121 Vt. 325, 157 A.2d 468, 471.

No error appears in the denial of the plaintiff's motion for a directed verdict.

*Judgment affirmed.*