**Morrisville Commission Sales, Inc. v. Mary Harris**

[451 A.2d 1092]

No. 95-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

*Edwards C. O'Boyle, Jr.,* St. Johnsbury, for Plaintiff-Appellant.

*Mary C. Harris,* pro se, Wolcott, Defendant-Appellee.

**Hill, J.** From a judgment for the defendant Harris the plaintiff appeals. We affirm.

The case was tried in small claims court on a complaint for money owed from the sale of a cow. The trial judge made findings of fact which are amply supported in the record.

The findings indicate that the defendant purchased a cow at an auction conducted by the plaintiff, agreeing to pay for it at a later date. At the sale the plaintiff represented the cow to be "clean, good, healthy, ready to be a milker." The defendant relied on the plaintiff's representation that the cow was in good

health and ready to be a milker, and therefore did not inspect the cow's mouth. After the cow had been in the defendant's herd for a few days, the defendant discovered a biting problem:. the cow was toothless. Because the cow lacked teeth and was not in good health, it could not eat the commonly used commercial grains vital for good lactation and therefore was not "ready to be a milker." The defendant asked the plaintiff to take the cow back. The plaintiff took the cow back and again sold her at auction, this time for substantially less money. The plaintiff brought this suit for the difference between the price the defendant bid and the price received on resale.

Although the parties have argued extensively over the trial court's conclusion on the availability of implied warranties, see 9A V.S.A. §§ 2—314, 316, we affirm the trial court on its alternative ground for judgment. The court concluded that the "[d]efendant had a right to reject the cow. . . ." We agree with the trial court.

The defendant was protected from liability under 9A V.S.A. § 2—608, which, in pertinent part, provides:

> (1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it
>
> . . . .
> (b) without discovery of such non-conformity if his acceptance was reasonably induced . . . by the seller's assurances.
> (2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

See generally *Desilets Granite Co.* v. *Stone Equalizer Corp.,* 133 Vt. 372, 340 A.2d 65 (1975) ; J. White & R. Summers, Uniform Commercial Code 302–03 (2d ed. 1980).

The factual findings amply support the court's conclusion that the defendant was entitled to return the cow. Nonconformity was established by the disparity between the cow's condition and the contrary representation of the seller. See 9A

V.S.A. § 2—106(2). It is undisputed that revocation occurred within a reasonable time after the discovery of the defect, and the buyer promptly notified the seller of the defect. The defendant relied on the plaintiff's representation concerning the health of the cow, and therefore did not inspect its mouth. There is no claim of substantial changes in the condition of the cow. Finally, the court's findings reveal no substantial impairment in the cow's value caused by the defendant.

Having thus satisfied the provisions of 9A V.S.A. § 2—608, the defendant was entitled to revoke her acceptance and the plaintiff was not entitled to any damages as a result of that revocation.

*Affirmed.*