## George Costa v. Volkswagen of America

[551 A.2d 1196]

No. 85-306

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed July 15, 1988

*Paterson, Walke & Pratt, P.C*, Montpelier, for Plaintiff-Appellant.

*Plante, Richards, Hanley & Gerety, P.C.*, White River Junction, for Defendant-Appellee.

**Dooley, J.** This is a breach of warranty case that has eluded resolution for eight years. During this time it has been tried twice — once to a jury and once to court — with different results, and has been the subject of numerous motions. Plaintiff-appellant — who prevailed at the first trial but lost at the second — challenges the order of the Lamoille Superior Court entering judgment for defendant, and also appeals the court's earlier order granting defendant's motion for a new trial. We reverse, in part, the new trial order and remand the cause, vacating the subsequent orders of the trial court.

In October of 1979, plaintiff, George Costa, purchased a new 1979 Audi 5000 from Hyannis Porsche-Audi, Inc., a Hyannis, Massachusetts automobile dealership franchised by defendant, Volkswagen of America (VWoA). The purchase price of the vehicle was $11,530. In connection with the purchase, VWoA expressly warranted the vehicle to be free of defects in material and workmanship for twelve months, regardless of milage. From the time of purchase until July 24, 1980, plaintiff experienced numerous and chronic mechanical and cosmetic problems with the automobile. During this period, the vehicle was serviced extensively by Hyannis Porsche-Audi, Inc. and by Crossway Motors, an authorized Audi dealership located in Barre, Vermont.

On July 12, 1980 — after having had possession of the vehicle since May 12, 1980 for the purpose of repair — a representative of Crossway Motors returned the automobile to plaintiff in Mashpee, Massachusetts, where he was staying at the time. On driving the vehicle, plaintiff noticed that a number of defects — of which he had complained — persisted, including problems with the brakes, steering, transmission, and air conditioning. On July 24, 1980 plaintiff delivered the vehicle, and a letter evincing his intent to revoke acceptance, to the Massachusetts dealership. A copy of the letter revoking acceptance was also forwarded to defendant, and the instant action — for breach of warranty — followed. In his complaint, plaintiff relied on the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312, as well as the provisions of Article 2 of the Uniform Commercial Code as adopted in Vermont and Massachusetts.[1]

---

[1] Among the issues argued by the parties is a conflict of laws question. Essentially, the relevant provisions of the Massachusetts and Vermont adaptations of the Uniform Commercial Code — relating to warranties and remedies — are the same. Compare Mass. Gen. Laws Ann. ch. 106 §§ 2-313; 2-314; 2-608; 2-711 with

The matter was tried to a jury, which — after a four-day trial — returned a verdict for plaintiff. The jury's verdict found defendant liable for breach of warranty and assessed damages in the amount of $13,000. A handwritten note on the face of the verdict form stated that: "The Jury's verdict for the Plaintiff is with the stipulation that the title to the 1979 Audi 5000 be awarded to Volkswagen of America, Inc."

After the jury was discharged, plaintiff — who had forcefully objected to the court's instructions on damages — filed a motion for corrected verdict seeking to have the damages award in-

---

9A V.S.A. §§ 2-313; 2-314; 2-608; 2-711. However, Massachusetts has expressly eliminated the requirement of privity in actions between manufacturers or suppliers and the ultimate purchasers of their products. Mass. Gen. Laws Ann. ch. 106 § 2-318. Section 2-318 of the Vermont enactment of the U.C.C. does not contain the same express elimination of the privity requirement. See 9A V.S.A. § 2-318.

Defendant argues that Vermont, not Massachusetts, law should apply in this case, thus permitting it the defense of lack of privity. Plaintiff naturally contends that the more favorable Massachusetts provision applies.

This issue, however, need not be resolved in order to decide this case. The first trial court determined that VWoA would be bound by the warranty provisions of Article 2 if the jury could find that Hyannis Porsche-Audi had acted for the benefit, and under the control and consent, of VWoA in making the sale to plaintiff an in performing service under VWoA's written warranty. If such were the case, then the relationship between the two could be fairly classified as that of agent and principal. See *Rule* v. *New Hampshire-Vermont Health Service,* 144 Vt. 323, 326-27, 477 A.2d 622, 624 (1984). An agency relationship between Hyannis Porsche-Audi and VWoA would be sufficient to overcome any lack of privity claim because VWoA would be recognized as the "seller"for the purposes of applying the Code's warranty provisions. Cf. *id.* Likewise, such agency permits plaintiff to revoke acceptance to VWoA (the principal) even though the vehicle had originally been accepted from Hyannis Porsche-Audi (the agent). This is because "[o]ne of the incidents of the status of principal and agent is the power of the agent to subject his principal to liability for an act done in furtherance of the agency." *Young* v. *Lamson,* 121 Vt. 474, 476, 160 A.2d 873, 875 (1960); see also Restatement (Second) of Agency § 140 comment a (1958) ("principal is subject to liability upon a transaction conducted by [it's] agent"). Thus established, "[t]he liability of the principal can be enforced by any appropriate action whether legal or equitable . . . ." "Restatement (Second) of Agency § 144 comment c.

It is clear that — based on the trial court's instructions relevant to agency (to which defendant failed to object) — the jury could, and in fact did, find the requisite relationship between VWoA and the dealership. As such, plaintiff need not show privity of contract between himself and VWoA so long as such privity exists between him and Hyannis Porsche-Audi, of which there is no question. This is the law of the case.

creased from $13,000 to $15,586.03.[2] Plaintiff also filed a motion for attorney's fees. Defendant, on the other hand, filed a motion for judgment notwithstanding the verdict (judgment n.o.v.) and, in the alternative, a motion for a new trial. In the new trial motion, defendant argued that the jury had gone beyond the charge in requiring the return of the vehicle and had disregarded the instruction on measure of damages. On November 22, 1983, the court denied plaintiff's motion for modification of the verdict and attorney's fees. The court also denied defendant's motion for judgment n.o.v. However, defendant's motion for a new trial was granted "on the ground that the verdict rendered by the jury is based upon a theory of rescission which is contrary to the instructions of the court on the issue of damages, as shown by the evidence." Plaintiff sought permission in both the trial court and this Court to take an interlocutory appeal from the November 22 order, see V.R.A.P. 5(b), which requests were denied.

The case again came to trial on December 18, 1984. The parties waived trial by jury and submitted the case to the court. After a four-day trial, the court issued findings and conclusions, and awarded judgment to the defendant. The court found that the vehicle was not defective when the plaintiff attempted to revoke acceptance, that the plaintiff could not pursue an implied warranty claim against defendant because of the absence of privity between plaintiff and defendant, and that revocation of acceptance was not available as against defendant VWoA.

Plaintiff raises numerous issues on appeal, particularly with respect to the second trial and the holding of the trial court after the second trial. Plaintiff also argues that the grant of the new trial motion after the first trial was error. We agree with plaintiff on this point, in part, and accordingly do not reach the claims with respect to the second trial.

---

[2] Plaintiff's objection to the court's charge on damages was that, while the jury was instructed that it could find a proper revocation of acceptance, and — in fact — that such a finding was prerequisite to a consideration of damages, the damages charge was limited to acceptance damages (i.e., the difference between the value of the vehicle as warranted and the value of the vehicle as it was delivered to plaintiff). Plaintiff contends — and appropriately so — that following revocation of acceptance the available damages should include so much of the purchase price as has been paid along with incidental and consequential damages. Compare 9A V.S.A. § 2-711 with 9A V.S.A. § 2-714.

■ The decision of whether or not to grant a motion for new trial pursuant to V.R.C.P. 59(a) is vested in the sound discretion of the trial court, and will only be reversed where there has been an abuse of discretion. See *Hoague* v. *Cota*, 140 Vt. 588, 592, 442 A.2d 1282, 1284 (1982). As such, "[i]n reviewing the trial court's disposition of a motion for a new trial, this Court is bound to accord to the ruling all possible presumptive support." *Weeks* v. *Burnor*, 132 Vt. 603, 609, 326 A.2d 138, 141 (1974). The deference we afford to the discretion of the trial court, however, is not without limit. In *Hardy* v. *Berisha*, 144 Vt. 130, 133-34, 472 A.2d 93, 95 (1984), we stressed that:

> Vermont law requires a judge, who is asked to grant a new trial, to weigh the evidence in the light most favorable to the verdict. This is because it is the protected duty of the jury to render a verdict, and a judge may not disturb that verdict unless it is clearly wrong.

(citations omitted).

Thus, while we must give presumptive support to the ruling of the trial judge, the trial judge must likewise afford a similar presumption in favor of the verdict of the jury. See *McKenna* v. *May*, 134 Vt. 145, 148, 353 A.2d 359, 361 (1976). Abuse of discretion in deciding a motion for a new trial will be found "when the trial court has entirely withheld its discretion or where the exercise of its discretion was for clearly untenable reasons or to an extent that it is clearly untenable." *Lent* v. *Huntoon*, 143 Vt. 539, 552, 470 A.2d 1162, 1171 (1983).

■ To fully analyze plaintiff's position on the new trial motion, we must start with the jury charge which the trial court found was not followed. In essence, the jury charge relevant to liability and damages instructed that:

> [I]f circumstances caused Volkswagon's expressed warranty of repair or replacement of defected parts to fail of its essential purpose, which would be to put the automobile in a defect-free condition, and if the nonconformity of the automobile with the implied warranty of merchantability substantially impaired the value of the automobile to Mr. Costa, and if he accepted it without discovery of its nonconformity as long as its acceptance was reasonably induced ei-

ther by difficulty of discovery before acceptance or by the seller's assurances, he has certain rights.

. . . .

If you should determine that there has been a breach of warranty, you should find that Mr. Costa had the right within a reasonable time after discovering the nonconformity to revoke his acceptance. . . . [A] buyer is permitted to revoke his acceptance of a motor vehicle where defects in such vehicle substantially impair its value to him. . . .

. . . .

If, and only if, you find that the Defendant Volkswagen of America is liable to plaintiff and that the goods were defective; that there was a breach of expressed or implied warranties, then you must turn to the question of damages.

You are instructed that the measure of damages for breach of warranty is the difference at the time and place of acceptance of the goods between the value of the goods accepted and the value they would have had if they had been warranted . . . plus any incidental or consequential damages.

The jury was also instructed that — in order to find VWoA liable for breach of warranty — it had to find that in selling the automobile, and servicing it pursuant to VWoA's express warranty, Hyannis Porsche-Audi was acting for the benefit of and under the consent and general direction of Volkswagen of America (i.e., it was necessary that there was an agency relationship between the two).

It is important to emphasize that the issue before this Court is not whether the charge on revocation of acceptance was erroneous. At the charge conference defendant did not challenge the instructions regarding revocation of acceptance, nor did defendant object to those specific instructions at the time they were given. Moreover, at oral argument before this Court defendant conceded that the trial court's charge on revocation of acceptance was consistent with both the law applied at trial and plaintiff's theory of the appropriate remedy. By failing to make an effective objection to this part of the charge, appellee waived any challenges — of which none are apparent — regarding the appropriateness of the remedy of revocation of acceptance or the instructions thereon. See *Poulin* v. *Ford Motor Co.,* 147 Vt. 120, 126-27, 513 A.2d 1168, 1173 (1986). This leaves three theories on which the court could

have rejected the jury verdict: (1) the return condition imposed by the jury shows they misunderstood the charge on liability; (2) the return condition taints the jury verdict even if it is not inconsistent with the law; and (3) the inconsistency between the charge on damages and the jury's verdict requires a new trial on both liability and damages.

We find the first ground to be wholly without merit. Defendant is attempting to dissect the verdict and apply a portion of it to an isolated part of the charge exclusive of the remaining instructions. The trial court clearly instructed the jury that if it found a breach of warranty by defendant, and a proper tender of the vehicle by plaintiff to defendant within a reasonable time from the discovery of the defects causing the breach, then it should find that plaintiff had properly revoked acceptance. Only after such findings did the instructions permit consideration of damages.

The jury's mandate — written on the face of the verdict — is entirely consistent with the court's instructions on revocation of acceptance. Proper revocation of acceptance necessarily includes return of the defective goods. See, e.g., *Morrisville Commission Sales, Inc.* v. *Harris,* 142 Vt. 9, 10, 451 A.2d 1092, 1092-93 (1982) (return of toothless cow was incident to proper revocation of acceptance); see also 9A V.S.A. § 2-608(3) (buyer has the same duties with regard to goods of which acceptance has been revoked, as to goods that have been rejected); 9A V.S.A. § 2-602(2)(b) (buyer must hold goods "with reasonable care at the seller's disposition for a time sufficient to permit the seller to remove them"); J. White & R. Summers, Uniform Commercial Code § 8-1, at 293 (2d ed. 1980) (Revocation of acceptance is a . . . refusal on the buyer's part to keep goods . . . . ").

We also reject the argument that the jury stipulation tainted its verdict such that it cannot stand. The stipulation was no more than surplus language describing the *status quo ante* inherent in revocation of acceptance situations. The stipulation did not prejudice defendant in any way. The jury's notation reflects the necessary result of its conclusion in conformity with the court's instructions; it does not affect — and certainly does not invalidate — the verdict. See, e.g., *Bailey* v. *Central Vermont Ry.,* 113 Vt. 433, 440-41, 35 A.2d 365, 370 (1943) (apportionment by jury of total damages among several plaintiffs in a negligence case — although unwarranted — was "surplusage" and could be disregarded without affecting the validity of the general verdict where

no prejudice was shown); see also *Barrow* v. *Talbott,* 417 N.E.2d 917, 921 (Ind. Ct. App. 1981) ("[W]hen a jury attempts to interpolate something in a verdict about which the jury has no concern, such interpolated matter is mere surplusage and not fatal to a judgment based on that verdict."); *Fjerstad* v. *Sioux Valley Hospital,* 291 N.W.2d 786, 788 (S.D. 1980) (language included by jury — not in conflict with general verdict — may be discarded as extraneous); *Hollen* v. *Linger,* 151 W. Va. 255, 257, 151 S.E.2d 330, 332 (1966) (surplus recommendation of jury may be disregarded as not part of verdict).

As we have determined the stipulation of the jury, in the instant case, to be consistent with the court's instructions on revocation of acceptance, there is no indication that the verdict was clearly wrong. Thus, we find the order granting a new trial — at least so far as it encompassed the issue of liability — to be untenable, and as such an abuse of discretion.

This conclusion, however, does not settle the third issue relating to damages. There is no question that the trial court improperly charged the jury on the issue of damages. When acceptance is revoked, the goal is to establish the *status quo ante.* J. White & R. Summers, Uniform Commercial Code § 8-3. This entails, inter alia, a return of the defective product, 9A V.S.A. § 2-602(2)(b); a refund of the purchase price, 9A V.S.A. § 2-711(1); and payment by the breaching party of incidental and consequential damages, 9A V.S.A. § 2-715, incurred by the purchaser. The trial court, however, charged the jury on acceptance damages, which are designed to compensate a purchaser — keeping defective goods — for the difference in value between what he or she received against what had been warranted. See 9A V.S.A. § 2-714. Acceptance damages are not applicable where acceptance has been revoked. For this reason, the cause must be remanded for a determination of damages consistent with a proper revocation of acceptance.

■ The error in the damage charge does not, however, require a new trial on liability. Where the issue of liability has been fully settled by the jury given the facts presented, as well as the court's instructions on breach of warranty, a full remand is not necessary. See *Bessette* v. *Humiston,* 121 Vt. 325, 330, 157 A.2d 468, 472 (1960). In *Bessette,* this Court observed that a verdict which — aside from an inappropriate formulation of damages — does not otherwise demonstrate compromise by the jury, will be affirmed

as to liability and remanded only on the issue of damages. *Id.;* see also *Marshal* v. *Dalton Paper Mills,* 82 Vt. 489, 505, 74 A. 108, 113 (1909) ("[T]o put the plaintiff to the expense of a new trial of the whole case, when all questions involved have been correctly tried and, so far as appears rightly determined, except the one question of damages, would be an injustice to him."). In the instant case, as in *Bessette,* "a review of the full case satisfies us that the issue of liability was adjudicated fairly on substantial evidence and should not be disturbed. As the error at the trial reached only the question of damages, retrial should be confined to that issue alone." *Bessette,* 121 Vt. at 330, 157 A.2d at 472 (citation omitted).

Because none of the three grounds to reject the jury verdict as to liability are valid, we must conclude that the new trial was granted by the trial court for "clearly untenable reasons." *Lent,* 143 Vt. at 552, 470 A.2d at 1171. Accordingly, the order for a new trial on liability must be reversed. Retrial must be confined to damages.

On remand, plaintiff shall be entitled to a return of the purchase price of the automobile, together with incidental and consequential damages and interest from the date of purchase. Additionally, plaintiff shall recover costs in both courts and, pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), attorney's fees incurred during the litigation below and on appeal.

*The order of the Lamoille Superior Court, dated November 22, 1983, to the extent that it granted defendant's motion for a new trial on the issue of defendant's liability and denied plaintiff's motion for attorney's fees, is reversed; in all other respects the order is affirmed. The orders of the Lamoille Superior Court, dated May 29, 1985 and June 7, 1985 are vacated. The trial court is directed to enter judgment on the jury verdict rendered June 20, 1983 insofar as such verdict determined liability of defendant. The cause is remanded for the purpose of determining damages based on a proper revocation of acceptance, and such damages shall include the purchase price of the vehicle along with incidental and consequential damages; interest accrued from the date of purchase. The court shall also award reasonable*

*attorney's fees incurred by plaintiff during all stages of this litigation. Costs to plaintiff.*