# Melbourne L. and Mabel M. Bills v. Wardsboro School District

[554 A.2d 673]

No. 87-511

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed November 18, 1988

*Crispe & Crispe*, Brattleboro, for Plaintiffs-Appellants.

*McKee, Giuliani & Cleveland*, Montpelier, for Defendant-Appellee.

**Gibson, J.** Plaintiffs brought an action for declaratory judgment, seeking a declaration as to the rights of the parties under a deed that purported to convey certain property from plaintiffs to defendant in 1968. The trial court declared the 1968 deed null and void, finding that a previous conveyance in 1957 by plaintiffs had constituted a completed gift of the property to other persons, not parties to this action. Plaintiffs appeal. We vacate that part of the judgment which declares the rights and obligations of the nonparties, and affirm the remainder of the judgment.

Plaintiffs are long-time residents of the town of Wardsboro. In the mid-1950's, the local school district began considering building new school facilities in Wardsboro, and the community established an ad hoc committee to locate suitable land for construction. Plaintiff Melbourne Bills was an active member of the search committee.

In 1957, plaintiffs found an eleven-acre piece of land, containing a house, which was otherwise suitable for the proposed school. Plaintiffs paid the purchase price, but caused the land to be conveyed directly from the owners (the Whites) to plaintiffs' daughter and son-in-law, the Capens. It is undisputed that plaintiffs intended five of the eleven acres, containing the house, to be used by the Capens for their residence, and the remaining six acres to be conveyed to the local school district for the construction and maintenance of a school. At the time this conveyance took place, Mr. Capen was the chairman of the school board.

Although no deed was ever executed from the Capens to the defendant school district, the six-acre parcel was used exclusively by defendant for educational purposes from 1957 on. A school for grades 1 through 8 was promptly built, largely through the donations and efforts of plaintiffs (who contributed substantial amounts of labor and materials), and has been maintained as a school through the present time.

In the mid-1960's, the superintendent of the school district was advised by the State Education Department that because the school did not have record title to the land, its state aid might be in jeopardy. In response to this warning, the Capens (who still had title to the land) in 1968 deeded the six acres to plaintiffs, who immediately conveyed the parcel to the defendant school district.

The 1968 deed from plaintiffs to defendant contained the following language:

A FURTHER CONDITION of this deed is that at such time as the within granted premises cease to be used for the purposes of publicly financed education of children grades 1 through 8, then the premises shall in their entirety revert to the Grantors, their heirs and assigns.

The deed further provided that should the school not be used for grades 1 through 8, plaintiffs would have first refusal rights as to the buildings on the parcel at a reduced price, to be arrived at by deducting the value of their contributions to the construction of the school. Plaintiffs did not discuss these conditions with the school district, which never manifested any acceptance of them. After recording the deed in the Wardsboro land records, plaintiffs kept the original deed.

In 1983, defendant terminated 7th and 8th grade education at the school. Thereafter, plaintiffs sued for declaratory judgment, requesting reverson of the six-acre parcel and the right to purchase the buildings thereon under the conditions contained in the 1968 deed.

The trial court found that the 1957 conveyance of the six-acre parcel from the Whites to the Capens had constituted a completed gift of the land by plaintiffs to the school district by virtue of the Capens' role as "agents and trustees" of defendant. The court further found that this gift was without restrictions or conditions, and held the 1968 transactions to be invalid, since the land was not the Capens' to convey nor the plaintiffs' to reconvey. The judgment order required the Capens to convey the six-acre parcel to the defendant.

Plaintiffs raise three issues for review. First, they claim the evidence and findings of fact do not support the court's conclusion that the Capens took the six-acre parcel as agents and trustees of the defendant school district. Next, they assert that the evidence does not support the conclusion that the donation of the land in 1957 was without restrictions or conditions. Finally, they claim that the entire judgment order is void in that the Capens were indispensable or necessary parties to the action.

## I.

Findings of fact will not be set aside on appeal unless clearly erroneous. V.R.C.P. 52(a); *Bruntaeger v. Zeller,* 147 Vt. 247, 250, 515 A.2d 123, 125 (1986). They must be reviewed in the light

most favorable to the prevailing party, and will stand if there is reasonable and credible evidence to support them. *Harlow v. Miller*, 147 Vt. 480, 481-82, 520 A.2d 995, 997 (1986). Here, there is ample evidence in the record to support a finding that the 1957 conveyance constituted a gift by plaintiffs of the six acres to the defendant school district through the Capens as agents of the district.

It is clear from the record that with respect to the 1957 conveyance, an agency relationship between Mr. Capen and the school district existed. The existence of an agency relationship does not depend on the label the parties give it, but may be demonstrated from the circumstances of the particular situation or the conduct of the parties. *Rule* v. *New Hampshire-Vermont Health Service*, 144 Vt. 323, 326-27, 477 A.2d 622, 624 (1984). Formality is not essential to the creation of the relationship, which can arise by verbal agreement or be implied from the circumstances, and can arise from a single transaction. *Young* v. *Lamson*, 121 Vt. 474, 477, 160 A.2d 873, 875-76 (1960); *Bresette v. Knapp*, 121 Vt. 376, 380, 159 A.2d 329, 332 (1960).

The record shows that at the time of the conveyance Mr. Capen was the chairman of the local school board, and in that capacity publicly thanked Mr. Bills for his donation of the land in the 1958 Wardsboro Town Report. In addition, he never used the six-acre parcel for his own purposes; instead, construction of the school building was commenced immediately after the conveyance. In fact, plaintiffs do not deny that it was their intention at the time of the 1957 conveyance to make a gift of the land to the school district; they only assert that the gift was conditional. This evidence constitutes a reasonable and credible basis upon which the court could have found an agency relationship between the Capens and defendant to have existed.

Since we hold that the trial court's finding as to agency is based on credible evidence, there is no need for us to determine whether its finding that the Capens acted as "trustees" of defendant was correct, as it is well-settled that this Court will affirm a judgment which is correct even if the grounds stated in its support are erroneous. *Circus Studios, Ltd.* v. *Tufo*, 145 Vt. 219, 222, 485 A.2d 1261, 1263 (1984).

Plaintiffs also claim that the trial court's agency finding must fail because it is inconsistent with other findings, specifically those which held that Mr. Capen was acting at Mr. Bills' direc-

tion in his capacity as son-in-law and employee. Those findings, however, were as to Mr. Capen's role in the *1968* transactions, not the conveyance in 1957. The plaintiffs' reliance on the case of *Ball* v. *Hall*, 129 Vt. 200, 274 A.2d 516 (1971), is similarly misplaced. That case involves conditional gifts made by deed; here, since the court found an unconditional gift to have occured in 1957, the 1968 deed containing the conditions was not reached.

## II.

Plaintiffs also claim that the court erred in finding that no restrictions or conditions were placed on the 1957 gift conveyance. Again, this finding will not be disturbed unless it is clearly erroneous. In support of their contention, plaintiffs rely on testimony by plaintiff Melbourne Bills to the effect that he intended, even in 1957, to condition the gift upon the school's continued use for grades 1 through 8. The record, however, contains other evidence which tends to contradict Mr. Bills' statements that he publicized the conditions of the gift in 1957.

The law is well settled that the weight of the evidence and credibility of witnesses are for the trier of fact to determine, with conflicts in evidence to be resolved against the excepting party. *Brown* v. *Pilini*, 128 Vt. 324, 328, 262 A.2d 479, 481 (1970). In no event will this Court substitute its judgment on questions of fact for that of the trial court. *Whipple* v. *Lambert*, 145 Vt. 339, 341, 488 A.2d 439, 440 (1985). Where, as here, there is no showing that the court's finding as to the plaintiffs' intentions was clearly erroneous, we will not disturb it. V.R.C.P. 52(a); *Bruntaeger* v. *Zeller*, 147 Vt. at 250, 515 A.2d at 125.

## III.

Plaintiffs' final claim of error is that the entire judgment order is void because in providing that the Capens "are now ordered to convey the six-acre parcel to the defendant," the Capens became necessary and indispensible parties to the action.

Plaintiffs are correct when they state that the Capens, who were not parties to the litigation, cannot be bound by the court's judgment. "When declaratory relief is sought, . . . no declaration shall prejudice the rights of persons not parties to the proceeding." 12 V.S.A. § 4721. Although it might have been better, in order to resolve the ultimate status of the property, for the

Capens to have been made parties to the proceedings, their presence was not essential to a determination of the legal relationship between plaintiffs and defendant with respect to the property. As we have noted, there is ample evidence in the record to support the court's finding of a gift from plaintiffs to defendant in 1957, and plaintiffs do not deny that they intended to make a gift to defendant at that time. Indeed, the Capens have confirmed that this was also their understanding, both by the public acknowlegment in the 1958 Wardsboro Town Report and by their actions in 1968. Plaintiffs' principal contention is that the gift was a conditional one. Such a claim does not warrant a designation of the Capens as necessary or indispensable parties, however. Further, as plaintiffs had the choice of whom to name as parties to this action, it would be mainifestly inequitable to now void the resulting judgment against them based on their own failure to join the Capens as parties.

## IV.

Defendant argues that the judgment order as to the Capens is valid because the judgment is in rem and operates directly against the property, with the consequence of binding all those with an interest in the property. Whether a proceeding is in rem or in personam is determined not by a party's characterization, however, but by the nature and purpose of the action. See *State ex rel. Anonymous v. Murphy*, 354 S.W.2d 42, 44 (Mo. App. 1962). A proceeding brought to enforce personal rights and obligations against the person and based on jurisdiction of the person is an in personam action, event though it may involve rights to or ownership of specific property. See *McCormick v. Blaine*, 345 Ill. 461, 465, 178 N.E. 195, 197, 77 A.L.R. 1215, 1219 (1931), citing to *Woodruff v. Taylor*, 20 Vt. 65 (1847).

Plaintiffs sought by means of this declaratory judgment action to enforce certain deed conditions against defendant, including a return of property and a right to purchase the buildings thereon. The purpose of the action, then, was to determine personal rights and obligations between plaintiffs and defendant as to the property. The order as issued, however, also attempts to determine the personal rights and obligations of the Capens. This it cannot do, since the adjudication of such rights requires personal jurisdiction.

*The third sentence of the judgment order declaring the status and obligations of the Capens is vacated. The remainder of the judgment is affirmed.*