## In re SHEARER VARIANCE

[588 A.2d 1058]

No. 88–393

April 23, 1990. The trial court's rulings are not clearly erroneous, arbitrary or capricious. *In re McDonald's Corp.*, 151 Vt. 346, 349, 560 A.2d 362, 364 (1989). The rotting and unsound beams and joists constituted "damage" to the structure as that term is commonly understood and was brought about by a cause "similar" to "fire, collapse, [or] explosion." Shelburne Zoning Bylaws § 1420.2(4). We must read the ordinance strictly, resolving any doubts in favor of the landowner. See, e.g., *In re Vitale*, 151 Vt. 580, 584, 563 A.2d 613, 616 (1989) ("in construing land use regulations any uncertainty must be decided in favor of the property owner"). There is no reasonable way to conclude that the ordinance was intended to permit reconstruction of a noncomplying structure damaged by a catastrophic occurrence as opposed to damage caused by termites or dry rot, for example.

Even if we accept appellant's view that the house in issue was a noncomplying structure governed by § 1420.2(4) of the Shelburne Zoning Bylaws, its reconstruction, according to the trial court's findings, conformed with all the zoning bylaws "except the minimum setback of 100 feet from the 102 foot elevation mark." This finding was not clearly erroneous. *Bills v. Wardsboro School District*, 150 Vt. 541, 545, 554 A.2d 673, 676 (1988). The fact that the replacement structure was somewhat larger than the original is irrelevant because the only factor rendering the structure noncomplying was its distance from the shore, not its size.

*Affirmed.*

Motion for reargument denied March 13, 1991.