VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      22-AP-036

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2022

Hale Resources, LLC v. Peter Levin\* et al. } APPEALED FROM:
  }
  } Superior Court, Bennington Unit,
  } Civil Division
  } CASE NO. 20-CV-00960
   Trial Judge: John W. Valente

In the above-entitled cause, the Clerk will enter:

Plaintiff Hale Resources, LLC filed this declaratory judgment action to quiet title to a parcel of real property, formerly owned by defendant Peter Levin and his late father, which plaintiff purchased at a tax sale. Defendant appeals the trial court's grant of summary judgment to plaintiff, arguing there were errors in the tax sale process and that he is the rightful owner. We affirm.

The following facts are undisputed. In 2013, defendant and his father purchased a parcel of real property located in Bennington. They were delinquent on property taxes for 2013-2014, 2014-2015, and 2015-2016. At a June 2016 tax sale resulting from those delinquencies, plaintiff purchased the property.

Defendant and his father never resided at this property. At all times during their ownership of the property, defendant and his father lived together along with defendant's wife and mother-in-law, at a home in Shaftsbury, Vermont. Throughout this period defendant and his father maintained the same shared mailing address: a post office box in Shaftsbury. This mailing address was registered with the United States Postal Service (USPS) and on record with the Town of Bennington for defendant and his father.

In February 2016, the Town, through its attorneys, sent a letter to defendant and his father via certified mail at this mailing address. The letter, regarding "Delinquent Property Taxes,"

indicated the amount of delinquency and advised of a potential tax sale of the property if taxes were not paid in full. Defendant's mother-in-law signed for the letter.

In May 2016, the Town, again through its attorneys, sent a formal notice of tax sale to defendant and his father via certified mail using the same mailing address. The notice indicated the location, date, and time of the tax sale and address of the subject property. Defendant's wife signed for this notice. The notice was then filed with the Town clerk by way of a warrant. The Town advertised the tax sale notice in the Bennington Banner newspaper for three successive weeks, in the timeframe specified by statute.

The tax sale was held on the date and time, and at the location specified in the notice, where plaintiff purchased the property. Neither defendant nor his father exercised their right to redeem the property within the one-year statutory period. After that period lapsed, the Town conveyed the property to plaintiff by way of a tax collector's deed, which was then recorded in the Town land records.

Plaintiff attempted, unsuccessfully, to sell the property in 2020. The title insurer questioned whether the Town had provided adequate legal notice to defendant and his father of the tax sale, and thus declined to issue a policy because of this possible cloud on title. Plaintiff subsequently filed this declaratory judgment action seeking a judgment that there were no legal defects in the tax sale process and that plaintiff held marketable title to the property unencumbered by any valid claim of ownership by defendant.[1]

Following discovery, plaintiff moved for summary judgment, asserting that the Town complied with all statutory requirements of a tax sale. In particular, it contended that the letters signed for by defendant's mother-in-law and wife constituted sufficient notice to defendant and his father in accordance with statute and due process. Plaintiff supported its motion with copies of all letters, notices, certified mail receipts, and other documentation related to the tax sale. Defendant opposed summary judgment solely with legal argument, asserting various deficiencies in the tax sale process. He argued, among other things, that the Town violated statutes requiring notices to be sent by registered mail because it sent notices by certified mail. Defendant did not submit a separate statement of disputed or undisputed facts, or any evidence.

Given these filings, the court accepted plaintiff's entire statement of undisputed facts as true. Even so, the court issued a preliminary ruling questioning whether these facts demonstrated that the Town had provided adequate legal notice to defendant and his father, and thus whether the tax sale, and in turn, plaintiff's title, were defective. The court determined that it could not accord complete relief to the parties in the Town's absence, so it ordered the Town to be joined as a party pursuant to V.R.C.P. 19(a) and held the motion for summary judgment in abeyance.

---

[1] Plaintiff's complaint also included a claim for unjust enrichment, but it later voluntarily dismissed this count. Defendant alleged counterclaims, but the court dismissed them as part of its final judgment and defendant does not appeal their dismissal.

Plaintiff moved for reconsideration, seeking an immediate ruling on summary judgment in its favor. Defendant opposed reconsideration, raising a new argument that the Town failed to comply with the statutory definition of registered mail, requiring return receipts to be signed by the addressee or their agent. He asserted that neither his wife nor his mother-in-law were his agent. After the Town was joined as a party, it filed a memorandum adopting plaintiff's motion for reconsideration.

Upon reconsideration, the court granted summary judgment to plaintiff. It noted that due process does not require actual notice of a tax sale, and the version of 32 V.S.A. § 5252 in effect at the time required only written notice by registered mail of the date and location of the tax sale to be sent to the last known address of the delinquent taxpayer. See id. § 5252(a)(3) (2016). The Court explained further that "registered mail" is defined by statute as "any method of mail delivery requiring the signature of the addressee or his or her agent," so it encompasses certified mail—the method chosen by the Town. 1 V.S.A. § 134a (emphasis added). It determined there was no genuine dispute of fact that defendant's wife and mother-in-law were his agents for purposes of demonstrating evidence of delivery of the notices. It concluded that the Town's notice was reasonably calculated under the circumstances to apprise defendant of both the delinquent taxes and the tax sale, and afford him an opportunity to raise any objections. This appeal followed.

This Court reviews summary-judgment decisions de novo, using the same standard as the trial court. Gauthier v. Keurig Green Mountain, Inc., 2015 VT 108, ¶ 14, 200 Vt. 125. "Summary judgment will be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " Id. (quoting V.R.C.P. 56(a)).

Defendant first contends that the notices his wife and mother-in-law signed should have been considered "unclaimed" under 32 V.S.A. § 5252(a)(3) because they were not his agents, and that the Town ran afoul of this statute when it did not take additional steps to attempt to provide him notice. See 32 V.S.A. § 5252(a)(3) ("If the notice by certified mail is returned unclaimed, notice shall be provided to the taxpayer by resending the notice by first-class mail or by personal service pursuant to Rule 4 of the Vermont Rules of Civil Procedure."). The language regarding unclaimed notices did not exist in the statute in 2016 when the Town sent its notice to defendant. Nevertheless, we address this argument to the extent that constitutional or common law imposed similar requirements at the relevant time. See, e.g., Hogaboom v. Jenkins, 2014 VT 11, ¶ 27, 196 Vt. 18 (holding that Town must take additional steps to provide notice upon receiving a notice of tax sale returned as unclaimed).

At the outset, we note that the parties' briefing below and on appeal, and the trial court's decision, focus on the requirements for notice of the tax sale and do not address any legal provision specific to a notice of delinquency. Defendant's mother-in-law signed for the notice of delinquency, while defendant's wife signed for the notice of tax sale. As such, we will discuss only defendant's wife and not his mother-in-law.

"Due process does not require actual notice" of a tax sale; only " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of [an] action and afford them an opportunity to present their objections.' " Hogaboom, 2014 VT 11, ¶ 15 (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)). Defendant does not challenge the trial court's conclusion that, under the statutes in effect at the relevant time, the Town was required to send a notice of the tax sale to defendant at his "last known address" via "any method of mail delivery requiring the signature of the addressee or his or her agent," which included certified mail. 32 V.S.A. § 5252(a)(3) (amended 2017); 1 V.S.A. § 134a. Nor does he contest that this statutory process, if properly followed, satisfies due process.

In general, whether an agency relationship exists is a question of fact. See Rule v. N.H-V.T. Health Serv., 144 Vt. 323, 326 (1984). "The existence of an agency relationship depends upon an agreement between the principal and the agent," in this case, between defendant and his wife. Id. "Such an agreement does not depend on the existence of an express contract, but can be demonstrated from the circumstances of the particular situation, or the conduct of the parties." Id.; see also Restatement (Third) of Agency § 5.02(1) (explaining that notice to agent is notice to principal if "the agent has actual or apparent authority to receive the notification").

Although defendant baldly asserted in his opposition to summary judgment and on appeal that his wife was not his agent for purposes of this property, he provided no supporting evidence. See Robertson v. Mylan Lab'ys, Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 ("We will accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material."). As reflected in plaintiff's motion for summary judgment and supported by defendant's sworn deposition testimony, at all relevant times defendant lived with his wife, and they shared the same mailing address, which was the mailing address on record with the Town and the USPS for defendant. The Town timely sent letters addressed to defendant via certified mail to this mailing address. Defendant testified that his wife, who signed for the notice of tax sale, would typically leave mail that she picked up from the post office box in their kitchen. Contrary to defendant's suggestion, there is no evidence in the record that the letter was returned to the sender as "unclaimed" or that it should have been. Given these circumstances and without any countervailing evidence from defendant, we see no genuine dispute of fact that defendant's wife was his agent for purposes of notice. We conclude, as the trial court did, that the Town provided adequate legal notice to defendant of the tax sale.

Defendant next argues that the Town violated his constitutional rights by not providing him with notice after his property was sold at the tax sale but before the redemption period had expired. He cites to Hogaboom and Jones v. Flowers, 547 U.S. 220 (2006). Nothing in these cases supports defendant's contention. Indeed, in Hogaboom, we relied in part on Flowers to expressly reject an argument that a post-sale notice satisfied due process. Hogaboom, 2014 VT 11, ¶¶ 20-27. Given our conclusion above that the Town provided defendant with adequate notice prior to the tax sale, no further notice was required.

Finally, defendant asserts that the Town selectively enforced payment of property taxes against him, even though other properties were further in delinquency, because Town officials or

4

others associated with them wanted to buy his property. He argues that the Town and plaintiff colluded to deceive him and discriminate against him. Defendant does not indicate whether and how he preserved these contentions for appeal by raising them below. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). In any event, he refers solely to information outside of the trial court record. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) (noting that "our review is confined to the record" of trial court proceedings and that "[o]n appeal, we cannot consider facts not in the record"). We therefore reject these arguments.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice